# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

CEDRIC GLAZE,

      Plaintiff,

                        **Case No. 2:22-cv-2855**

      v.                     **Judge Edmund A. Sargus, Jr.**

                        **Magistrate Judge Elizabeth P. Deavers**

DONALD MORGAN, *et al.*,

      Defendants.

## ORDER AND REPORT AND RECOMMENDATION

This matter is before the Court for a screen of Plaintiff's Operative Complaint (Compl., ECF No. 56) under 28 U.S.C. §§ 1915(e)(2) and 1915A to identify cognizable claims and to recommend dismissal of Plaintiff's Operative Complaint, or any portion of it, which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2), 1915A.

In light of the issues raised by the dispositive briefing, the Undersigned finds it prudent to *sua sponte* undertake a further review of Plaintiff's Operative Complaint.  Although a portion of this action survived the initial screen pursuant to 42 U.S.C. § 1915(e) and § 1915A, "the Court has 'inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.'"  *Bloodworth v. Timmerman-Cooper*, No. 2:10-CV-1122, 2012 WL 604236, at *2 (S.D. Ohio Feb. 23, 2012) (quoting *Mallory v. Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)), *report and recommendation adopted*, No. 2:10-CV-1122, 2012 WL 3727656 (S.D. Ohio Aug. 28, 2012).  Additionally, § 1915(e) grants courts authority to dismiss a case **at any time** if it is frivolous or fails to state a claim upon which relief may be granted.  28 U.S.C. § 1915(e)(2)(B) (emphasis added); *Norman v. Granson*, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. Mar. 25, 2020).  For the reasons below, it is **RECOMMENDED** that Plaintiff's

Operative Complaint (ECF No. 56) be **DISMISSED in part with prejudice**.  It is further

**RECOMMENDED** that Plaintiff's Motions (ECF Nos. 61, 70, 71, 79) be **DENIED as moot**

and Defendants' Motion to Dismiss (ECF No. 57) be **DENIED as moot**.

## I.  BACKGROUND

The Undersigned has previously discussed the factual allegations underlying this lawsuit.

(ECF No. 6, at PageID No. 127–35.)  The Undersigned hereby incorporates that discussion by

reference and will only discuss the relevant facts here as necessary.  Plaintiff, an inmate at the

Southern Ohio Correctional Facility under the supervision of the Ohio Department of

Rehabilitation and Corrections ("ODRC"), alleges that various ODRC officials at Ross

Correctional Institution violated his constitutional rights.  (ECF Nos. 1-1, 56.)  The Court's

initial screen dismissed several claims and various defendants.[1]  (ECF Nos. 6, 11.)

On July 1, 2024, the Court granted Plaintiff leave to file an amended complaint and

advised Plaintiff that the Court must conduct a fresh review of that complaint in accordance with

28 U.S.C. § 1915(e).  (ECF No. 49.)  On July 24, 2024, Plaintiff filed an Amended Complaint.

(ECF No. 53.)  On August 5, 2024, Defendants filed a Motion for Judgment on the Pleadings.

(ECF No. 54.)  On August 22, 2024, the Court construed Plaintiff's Complaint (ECF No. 5)

together with Plaintiff's Amended Complaint (ECF No. 53) as the Operative Complaint and

denied Defendants' Motion for Judgment on the Pleadings as moot.  (ECF No. 55.)  Plaintiff's

Amended Complaint did not substantively amend his Complaint.  On August 30, 2024,

Defendants filed a Motion to Dismiss.  (ECF No. 57.)  Plaintiff filed a response.  (ECF No. 60.)

---

[1] The Court previously dismissed (1) Defendants Kyle, Wilkens, Newman, Bethel, Chapman, and Baldmin; (2) any claims for threats, slurs or insults; (3) any claims for deprivation of property without due process; (4) any claims for "tacit authorization"; and (5) any claims for due process violations against Defendants Linsey, Pinson, Charlton, Sexton, Shoemaker, Doughty, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Mr. Wellinghoff, Gibson, Diehl, Walters, and Raypole.  (ECF No. 3, at PageID 138–42; ECF No. 11.)

Plaintiff's Operative Complaint is difficult to decipher, but construing it liberally, it appears that Plaintiff asserts the following federal and state law claims: violations of his rights under the First, Eighth, and Fourteenth Amendments of the United States Constitution; harassment; intentional infliction of emotional distress; negligence; and unlawful restraints.[2] The remaining Defendants are Morgan,[3] Linsey,[4] Pinson, Bailey, Charlton, Braxton,[5] Shoemaker, Doughty, Ewry, Tedesko, Knight, Angelo, Brown, Lyons, Sheppard, Spitnagel, Wellinghoff, Cash, Starvers, Ragland, Koveleski, Wellinghoff, John Doe #3,[6] Gibson, Walters, John Doe #4, Smith, Diehl,[7] and Raypole.  (ECF No. 6, at PageID 142.)  All claims are against these Defendants solely in their individual capacities.  (*Id.* at PageID 137–38.)

## II.      STANDARD OF REVIEW

Congress enacted 28 U.S.C. § 1915, the federal *in forma pauperis* statute, seeking to "lower judicial access barriers to the indigent."  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992).  In doing so, however, "Congress recognized that 'a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.'"  *Id.* at 31 (quoting *Neitzke v. Williams*, 490

---

[2] The Undersigned notes that Plaintiff frequently references exhibits that he did not attach to any of his complaints.

[3] It appears the Report and Recommendation (ECF No. 3) erroneously referred to Defendant Morgan as Erdos.

[4] Plaintiff refers to Defendant Linsey as Lindsey or Lindsay.  The Undersigned will refer to this Defendant as Linsey.

[5] Plaintiff refers to Defendant Braxton as John Doe #2.  (Compl. at PageID 677.)  In Plaintiff's Amended Complaint (ECF No. 53), he corrected Braxton to Sexton.  The Undersigned will refer to this Defendant as Sexton.

[6] In Plaintiff's Amended Complaint (ECF No. 53), he corrected John Doe #3 to Justin Cline.  The Undersigned will refer to this Defendant as Cline.

[7] Plaintiff spells Defendant Diehl's last name as "Deihl" on the docket.  The Undersigned will refer to this Defendant as Diehl.

U.S. 319, 324 (1989)).  To address this concern, Congress included subsection (e)[8] as part of the statute, which provides in pertinent part:

(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, **the court shall dismiss the case at any time** if the court determines that—

\*    \*    \*

(B) the action or appeal—

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B) (emphasis added); *Denton*, 504 U.S. at 31.  Thus, Section 1915(e) requires *sua sponte* dismissal of an action upon the Court's determination that the action is frivolous or malicious, or upon determination that the action fails to state a claim upon which relief may be granted.

"A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law."  *Brown v. Kruse*, No. 1:15-CV-526, 2015 WL 5907557, at \*1 (S.D. Ohio Aug. 24, 2015) (citing *Neitzke*, 490 U.S. at 328–29), *report and recommendation adopted*, No. 1:15-CV-526, 2015 WL 5836009 (S.D. Ohio Oct. 7, 2015).  "An action has no arguable legal basis when the . . . plaintiff claims a violation of a legal interest which clearly does not exist. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or wholly incredible."  *Id.* (citations and quotations

---

[8] Formerly 28 U.S.C. § 1915(d).

omitted). The Court does not need to accept as true factual allegations that are fantastical or delusional. *Id.* (citations and quotations omitted).

To properly state a claim upon which relief may be granted, a plaintiff must satisfy the basic federal pleading requirements set forth in Federal Rule of Civil Procedure 8(a). *See also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (applying Fed. R. Civ. P. 12(b)(6) standards to review under 28 U.S.C. §§ 1915A and 1915(e)(2)(B)(ii)). Under Rule 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal *and* factual demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013) (emphasis in original).

Although this pleading standard does not require "'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). Further, the Court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This lenient treatment, however, has limits: "'courts should not have to guess at the nature of the claim asserted.'" *Frengler v. Gen. Motors*, 482 F. App'x 975, 976–77 (6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

In addition, when it is evident from the face of the complaint that a court lacks federal jurisdiction, the court may dismiss an action for lack of subject-matter jurisdiction under both 28

U.S.C. § 1915(e)(2)(B) and Federal Rule of Civil Procedure 12(h)(3).  *Williams v. Cincy Urban Apts.*, No. 1:10-cv-153, 2010 WL 883846, at *2 n.1 (S.D. Ohio Mar. 9, 2010) (citing *Carlock v. Williams*, 182 F.3d 916, 1999 WL 454880, at *2 (6th Cir. June 22, 1999) (table)).

42 U.S.C. § 1983 allows a plaintiff to seek redress from state actors for "the deprivation of any rights, privileges, or immunities secured by the Constitution."  *Nelson v. Campbell*, 541 U.S. 637, 643 (2004).  To state a cause of action under § 1983, a plaintiff must allege: "(1) a deprivation of a right secured by the Constitution or laws of the United States (2) caused by a person acting under color of state law."  *Hunt v. Sycamore Cmty. Sch. Dist. Bd. of Educ.*, 542 F.3d 529, 534 (6th Cir. 2008) (citation omitted).

## III.      ANALYSIS

After further consideration, including careful reviews of the Motion for Judgment on the Pleading briefing and Defendant's Motion to Dismiss, the Undersigned **RECOMMENDS** that the remainder of Plaintiff's Operative Complaint be **DISMISSED in part**.  The Undersigned addresses several preliminary matters before turning to Plaintiff's primary claims.

Plaintiff lists the Fourth and Fifth Amendments as rights that were violated, but he fails to attribute those violations to any defendant.  (Compl. at PageID 669.)  The United States Court of Appeals for the Sixth Circuit "has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right . . . ."  *Monaco v. Doe*, No. 2:22-CV-2888, 2024 WL 3273450, at *12 (S.D. Ohio July 2, 2024) (quotations and citation omitted), *report and recommendation adopted sub nom. Monaco v. Doe (1)*, No. 2:22-CV-2888, 2024 WL 3912385 (S.D. Ohio Aug. 22, 2024).  Any claim pursuant to the Fourth and Fifth Amendments must be **DISMISSED with prejudice**.

Plaintiff's claims against Jane Doe #1/Mrs. Wellinghoff and Cline should be dismissed for failure to state a claim. Plaintiff lists Jane Doe #1/Mrs. Wellinghoff and Cline as defendants, but he does not identify any claims against them. (Compl. at PageID 667.) Further, Plaintiff's allegations regarding these two defendants provide no insight as to the constitutional claims he might be asserting. Plaintiff alleges that Jane Doe #1 "stated some time [sic] when you be quite [sic] things blow over" and that she "motioned her hand above her head." (*Id.* at 701.) Plaintiff contends that Cline told Plaintiff to clean up his own vomit or else he would mace Plaintiff. (*Id.* at PageID 682.) Plaintiff asserts that Cline is a mental health officer and on an unknown date, informed Plaintiff that there was nothing he could do for him. (*Id.* at PageID 690.) None of these allegations rise to the level of a constitutional violation. Accordingly, the Undersigned **RECOMMENDS** that all claims against Jane Doe #1/Mrs. Wellinghoff and Cline be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Defendant Doughty should be dismissed for failure to state a claim. Plaintiff alleges claims for "excessive force," "deliberate indifference," "due process," "I.I.E.D.," "failure to protect," and "retaliation" against Defendant Doughty. (*Id.* at PageID 664.) Plaintiff's sole assertion against Defendant Doughty is that he yelled at Plaintiff on March 19, 2021. (*Id.* at PageID 686.) This allegation is far from sufficient. *Frengler*, 482 F. App'x at 976–77 ("courts should not have to guess at the nature of the claim asserted") (citation and quotations omitted). Accordingly, all federal and state law claims against Defendant Doughty should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Defendant Walters should be dismissed for failure to state a claim. Plaintiff alleges claims for "excessive force," "retaliation," "due process," and "I.I.E.D."

(Compl. at PageID 668.)  Plaintiff's sole assertion against Defendant Walters is that he spoke to another inmate during the March 19, 2021 incident.  Plaintiff provides no factual allegations that Defendant Walters harmed him in some way.  *Hawkins-Bivins v. Michigan*, No. 2:25-CV-22, 2025 WL 464702, at *3 (W.D. Mich. Feb. 12, 2025) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.").  Accordingly, all federal and state law claims against Defendant Walters should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's claims against Defendant Gibson should be dismissed for failure to state a claim.  Plaintiff alleges claims for "retaliation" and "due process" against Defendant Gibson. (Compl. at PageID 667.)  Plaintiff asserts the following against Defendant Gibson:

- On May 13, 2021, Defendant Gibson noticed that Plaintiff got water on the floor of his cell and the pipes were leaking, so he turned the water off.  (*Id.* at PageID 691, 693.)  Defendant Gibson then wrote a retaliatory conduct report.  (*Id.*)

- On an unknown date, Defendant Gibson destroyed his property, legal materials, and documents "to prevent evidence of wrongdoing by staff."  (*Id.* at PageID 694.)

- On an unknown date, Defendant Gibson (and/or Defendant Linsey) removed Plaintiff from his cell to retrieve and destroy documents and "assault [him] for [his] intelligence."  (*Id.* at PageID 696.)

Regardless of how liberally the Undersigned construes Plaintiff's Operative Complaint, the Court cannot conclude that Plaintiff plausibly alleged that Defendant Gibson retaliated against him or violated his due process rights.  *Pasha v. Payton*, No. CV 18-595, 2019 WL 440573, at *9 (E.D. Ky. Feb. 4, 2019) (attaching the word "retaliation" to action by prison officials with which prisoner disagreed insufficient to state a claim); *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988) ("More than bare assertions of legal conclusions is ordinarily required to satisfy federal notice pleading requirements.").  Accordingly, the Undersigned

**RECOMMENDS** that Plaintiff's claims against Defendant Gibson be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff's First Amendment retaliation claims against Defendants Morgan, Diehl, and Mr. Wellinghoff relating to his phone and "JPAY" privileges can **PROCEED**.  Construing the Operative Complaint liberally, Plaintiff alleges that Defendants Morgan, Diehl, and Mr. Wellinghoff turned Plaintiff's phone and JPAY privileges off in retaliation for Plaintiff sending his mother a video of his alleged injuries.  (Compl. at PageID 694–95.)  Out of an abundance of caution, the Undersigned **RECOMMENDS** that this claim be allowed to **PROCEED** for further development given that it implicates Plaintiff's freedom of speech rights, and Plaintiff also plausibly alleges the second and third elements of a retaliation claim.  *See Jamerson v. Taskila*, No. 2:22-CV-98, 2022 WL 1769085, at *9 (W.D. Mich. June 1, 2022) ("a loss of privileges, which includes loss of the right to use the phone, amounts to adverse action").

Plaintiff's "retaliation" claim against Defendant Brown should be dismissed.  (Compl. at PageID 665.)  Plaintiff's sole allegation against Defendant Brown is that he participated in assaulting Plaintiff with two other Defendants on the day that "the preliminary injunction was filed in U.S. District Court . . . ."  (*Id.* at PageID 689.)  Plaintiff provides no further allegations.[9]  Assuming Plaintiff filed the preliminary injunction himself, the Undersigned cannot find that Defendant Brown's purported assault was caused by Plaintiff's filing.  Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's retaliation claim against Defendant Brown be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

---

[9] The Undersigned notes that Plaintiff fails to provide any explanation as to why Defendant Brown's participation in the attack constituted retaliation when Defendants Brown and Knight's actions did not.

To the extent that Plaintiff alleges a retaliation claim against Defendants Raypole, Pinson, Spitnegal, and Charlton for retaliating against Plaintiff for his role in leading a hunger strike, the Undersigned finds that he fails to state such a claim. The United States Court of Appeals for the Sixth Circuit has not held that engaging in a hunger strike is protected conduct. *Robinson v. Washington*, No. 2:21-CV-63, 2023 WL 3143522, at *9 (W.D. Mich. Apr. 28, 2023) ("it is not clear that a self-imposed hunger strike is conduct protected by the First Amendment"). Moreover, Plaintiff's allegations regarding those Defendants' conduct after his hunger strike indicate that he believes at least one of those Defendants could be retaliating against him because he filed grievances. (Compl. at PageID 692.) Accordingly, the Undersigned **RECOMMENDS** that any retaliation claim against Defendants Raypole, Pinson, Spitnegal, and Charlton be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff lists variations of "deprivation of rights under color of law" as claims against Defendants Pinson, Bailey, and Charlton. (Compl. at PageID 663.) Although not clear, the Undersigned assumes Plaintiff is either reciting language relating to the 42 U.S.C. § 1983 standard or asserting a claim pursuant to 18 U.S.C. § 242, *Deprivation of rights under color of law*. If Plaintiff is referring to 42 U.S.C. § 1983, the Undersigned analyzes the specific constitutional rights that Plaintiff claims Defendants violated below. If Plaintiff is asserting claims pursuant to 18 U.S.C. § 242, they must fail. 18 U.S.C. § 242 does not provide for relief through a civil suit. "Absent a private right of action, a plaintiff cannot recover civilly for violation of a criminal statute." *Milam v. Southaven Police Dep't*, No. 15-CV-02029, 2015 WL 1637937, at *7 (W.D. Tenn. Apr. 13, 2015), *aff'd* (Aug. 21, 2015). Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's general "deprivation of rights under color of law"

claim and/or his claim pursuant to 18 U.S.C. § 242 be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

In Plaintiff's Amended Complaint, he contends that he asserted a "1st Amendment right Interference with legal mail" claim against Defendant Shoemaker in his Complaint. (ECF No. 53, at PageID 652.) To the extent Plaintiff indeed made that claim or intended to add that as a claim, he fails to state a cognizable claim. While a prisoner does have a First Amendment right to receive legal mail, Plaintiff fails to allege that Defendant Shoemaker interfered with that right. *Cortez v. Washington*, No. 2:25-CV-25, 2025 WL 1465529, at *5 (W.D. Mich. May 22, 2025) ("A prisoner's right to receive mail is protected by the First Amendment, and the ability of a prisoner to receive materials of a legal nature related to his legal rights and concerns itself implicates a fundamental right.") (citations and quotations omitted). Accordingly, any First Amendment claim relating to legal mail against Defendant Shoemaker should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

The Undersigned now turns to Plaintiff's primary claims.

### A. First Amendment Retaliation

The Undersigned finds that Plaintiff's First Amendment retaliation claims against Defendants Linsey, Bailey, Charlton, Cash, Starvers, Pinson, Sexton, John Doe #4, Brown, Lyons, Sheppard, Mr. Wellinghoff, and Smith should be **DISMISSED with prejudice**. Plaintiff's claims against Defendants Shoemaker and Spitnagel can **PROCEED**.

In order to state a First Amendment retaliation claim, Plaintiff must plead each of the following elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the

11

> adverse action was motivated at least in part by the plaintiff's
> protected conduct.

*Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (quoting *Thaddeus-X v. Blatter*, 175

F.3d 378, 394 (6th Cir. 2000)).

As to the adverse action element, the United States Court of Appeals for the Sixth Circuit

has held that "not every objectionable act directed at a prisoner constitutes adverse action

sufficient to deter a person of ordinary firmness from engaging in protected activities."

*Reynolds–Bey v. Harris*, 428 F. App'x. 493, 503 (6th Cir. 2011). Courts recognize that "since

there is no justification for harassing people for exercising their constitutional rights [the effect

on freedom of speech] need not be great in order to be actionable." *Mezibov v. Allen*, 411 F.3d

712, 721 (6th Cir. 2005) (quoting *Thaddeus-X*, 175 F.3d at 397). "Nevertheless, since § 1983 is

a tort statute, we must be careful to ensure that real injury is involved, lest we 'trivialize the First

Amendment' by sanctioning a retaliation claim even if it is unlikely that the exercise of First

Amendment rights was actually deterred." *Id.*

As to causation, "[b]ecause the question is whether the adverse action was taken (at least

in part) because of the protected conduct, the causation inquiry centers on the defendant's

motive." *Thomas v. Eby*, 481 F.3d 434, 440 (6th Cir. 2007) (citing *Thaddeus-X*, 175 F.3d at

394).

### i. Protected Conduct

The Undersigned finds that Plaintiff plausibly alleges the first element of a retaliation

claim against Defendants Linsey, Bailey, Charlton, Cash, Starvers, Pinson, Sexton, John Doe #4,

Shoemaker, Brown, Sheppard, Mr. Wellinghoff, and Spitnagel. Construing the Operative

Complaint liberally, the Undersigned will consider Plaintiff's allegations that he filed grievances

as allegations that he engaged in protected conduct. Generally, filing of a non-frivolous prison

grievance is constitutionally protected conduct for which a prisoner cannot be subjected

to retaliation. *Smith v. Campbell*, 250 F.3d 1032, 1037 (6th Cir. 2001). Plaintiff generally

alleges that he was retaliated against for filing grievances throughout the Operative Complaint.

(Compl. at PageID 671–74, 676–77, 689–90, 692–93, 698–700.)

      ii.        **Adverse Action**

Construing Plaintiff's allegations liberally, the Undersigned finds that Plaintiff plausibly

alleges the second element against Defendants Cash, Starvers, Pinson, Sexton, Spitnagel, John

Doe #4, Sheppard, Bailey, and Shoemaker but not against Defendants Smith, Lyons, and Mr.

Wellinghoff.

Plaintiff contends that Defendants Cash, Starvers, Pinson, Sexton, Spitnagel, John Doe

#4, Sheppard, and Bailey physically assaulted him on various occasions. (Compl. at PageID

672–73, 676–78, 691–93, 702–03.) Courts consider physical assaults to be adverse actions. *See*

*Perry v. Warden Warren Corr. Inst.*, No. 1:20-CV-30, 2022 WL 3369662, at *16 (S.D. Ohio

Aug. 16, 2022) ("finding that the alleged assaults constitute adverse actions because they would

deter a person of ordinary firmness from filing PREA complaints and lawsuits and, therefore, the

second element is met"), *report and recommendation adopted*, No. 1:20-CV-00030, 2022 WL

4493913 (S.D. Ohio Sept. 28, 2022).

Plaintiff also plausibly alleges the second element against Defendant Shoemaker.

Plaintiff asserts that Defendant Shoemaker searched his cell four days in a row because he had

not ceased filing grievances and removed and/or destroyed some of his documents. (Compl. at

PageID 689, 694.) Cell searches can amount to adverse actions that would deter a person of

ordinary firmness, particularly when combined with destruction of property. *See Alexander v.*

*Makela*, No. 2:16-CV-49, 2017 WL 6887037, at *3 (W.D. Mich. Oct. 18, 2017) ("However, a

cell search accompanied with other factors—such as the confiscation of property—may amount

to an adverse action."), *report and recommendation adopted*, No. 2:16-CV-49, 2018 WL 354534 (W.D. Mich. Jan. 9, 2018).

In contrast, Plaintiff does not plausibly allege that Defendants Smith and Lyons took adverse actions against him that would deter a person of ordinary firmness. Plaintiff's assertions against Defendant Smith relate to Defendant Smith's involvement in the March 12, 2021 incident and his statements to Plaintiff on an unknown date regarding a "PREA." (Compl. at PageID 675, 698–99.) Plaintiff's assertions against Defendant Lyons relate to her involvement in his conduct hearings. (*Id.* at PageID 672–73, 695, 697, 701–02.) Plaintiff contends that Defendant Lyons found him guilty of a conduct report on several occasions, but he does not plausibly allege any direct consequence to him as a result. (*Id.* at PageID 672–73, 697, 701–02.) The Undersigned finds that none of these allegations rise to the level of an adverse action that would deter a person of ordinary firmness. Plaintiff's retaliation claims against Defendants Smith and Lyons should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Nor does Plaintiff plausibly assert the second element against Defendant Mr. Wellinghoff. Plaintiff alleges that Defendant Mr. Wellinghoff wrote multiple conduct reports against him. (Compl. at PageID 695, 699–700.) Plaintiff, however, fails to provide any factual allegations beyond his contention that Defendant Mr. Wellinghoff wrote the reports and that one was "retaliatory." (*Id.* at 699.) The Undersigned finds that none of these allegations rise to the level of an adverse action that would deter a person of ordinary firmness. Plaintiff's retaliation claims against Defendant Mr. Wellinghoff for conduct reports should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

### iii.    Causal Connection

The Undersigned finds that Plaintiff fails to plausibly allege the third element against all Defendants except Defendants Spitnagel and Shoemaker. Plaintiff asserts that as Defendant

14

Spitnagel was assaulting him, he told Plaintiff to stop filing grievances. (Compl. at PageID 692.) Plaintiff plausibly alleges a causal connection between his protected conduct and Defendant Spitnagel's adverse action against him. The Undersigned **RECOMMENDS** that Plaintiff's retaliation claim against Defendant Spitnagel relating to grievances can **PROCEED**.

Plaintiff asserts that Defendant Shoemaker searched his cell four days in a row and removed and/or destroyed some of his documents because he had not stopped filing grievances. (*Id.* at PageID 689, 694.) Plaintiff plausibly alleges a causal connection between his protected conduct and Defendant Shoemaker's adverse action against him. The Undersigned **RECOMMENDS** that Plaintiff's retaliation claim against Defendant Shoemaker relating to grievances can **PROCEED**.

Plaintiff, however, does not plausibly allege a causal connection between his protected conduct and any adverse action taken by Defendants Linsey, Bailey, Charlton, Cash, Starvers, Pinson, Sexton, John Doe #4, Brown, and Sheppard. Plaintiff's conclusory statements that these Defendants retaliated against him for filing grievances against unknown or different individuals are insufficient to state a claim. The Undersigned will provide several examples.

First, Plaintiff contends that he filed a grievance against Defendant Linsey on February 13, 2021. (Compl. at PageID 672.) Plaintiff then asserts that "they retaliated against me on February 23, 2021" when Defendants Cash and Starvers engaged with him. (*Id.*) Plaintiff does not provide any allegations as to how his grievance and Defendants Cash and Starvers' actions are causally related. *See Grossman v. Neubecker*, No. 2:24-CV-103, 2024 WL 4588949, at *8 (W.D. Mich. Oct. 28, 2024) (dismissing retaliation claims where the plaintiff "merely allege[d] the ultimate fact of retaliation in relation to the actions of Defendants" and failed to present "any facts whatsoever to support his conclusion that these Defendants retaliated against him because

15

of grievances or complaints").  Plaintiff fails to plausibly allege a causal connection between his grievance against Defendant Linsey and Defendants Cash and Starvers' adverse actions against him.

Second, Plaintiff begins his description of the incident on March 13, 2021, with "[a]fter I grieved the incedent [sic] the day before the retaliation was swift . . . ."  (Compl. at PageID 676.)  Plaintiff, however, does not identify which individuals he filed a grievance against, and different individuals were involved in the March 12, 2021 incident and March 13, 2021 incident.  In addition, Plaintiff provides no allegations beyond that conclusory statement that the alleged attack after he was searched was causally connected to the grievance(s) he filed.  Again, Plaintiff's allegations are insufficient.

The Undersigned notes that Plaintiff alleges that Defendant Raypole searched Plaintiff on his way to breakfast on March 13, 2021, and when Plaintiff asked why Defendant Raypole was searching him, Defendant Raypole responded "its [sic] because you wont [sic] stop writing these stupid ass grievances . . . ."  (*Id.* at PageID 676.)  Plaintiff asserts that after the search, Defendant Raypole ordered him to return to his cell, Plaintiff exchanged words with other correctional officers, and then Defendant Raypole ordered that Plaintiff be taken to the captain's office.  (*Id.* at PageID 676–67.)  Plaintiff does not specifically allege a retaliation claim against Defendant Raypole.  (*Id.* at PageID 669.)  To the extent Plaintiff is attempting to assert that claim, he fails.  Searches generally do not rise to the level of an adverse action.  *See Yates v. Rogers*, No. 2:18-CV-180, 2018 WL 6629366, at *6 (W.D. Mich. Dec. 19, 2018) ("subjecting a prisoner to a pat-down search is not sufficiently adverse to support a retaliation claim").  Plaintiff provides no factual allegations about the search to indicate it constituted an adverse action.

Accordingly, the Undersigned **RECOMMENDS** that Plaintiff's First Amendment retaliation claims against Defendants Linsey, Pinson, Bailey, Charlton, Lyons, Sheppard, Wellinghoff, Cash, Starvers, John Doe #4, Sexton, and Smith be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff's First Amendment retaliation claims against Defendant Mr. Wellinghoff relating to conduct reports should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Plaintiff's First Amendment retaliation claims against Defendants Spitnagel and Shoemaker relating to grievances can **PROCEED**.

### B.   Eighth Amendment Claims

Plaintiff asserts Eighth Amendment claims against Defendants Morgan, Linsey, Pinson, Bailey, Charlton, Sexton, Shoemaker, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Wellinghoff, Cash, Starvers, Ragland, Koveleski, John Doe #4, Diehl, and Raypole. The Undersigned interprets Plaintiff's Eighth Amendment allegations as falling into two general categories: conditions of confinement claims and excessive force claims.[10]

### iv.   Conditions of Confinement Claims

The Eighth Amendment protects all people from "cruel and unusual punishments." U.S. Const. amend. VIII. "The Constitution 'does not mandate comfortable prisons,' but neither does it permit inhumane ones, and . . . 'the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment.'" *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)). The Eighth Amendment "imposes duties on [prison] officials, who must provide humane

---

[10] Plaintiff uses a variety of phrases to describe conditions of confinement claims against Defendants, including "deliberate indifference," "failure to protect," "cruel and unusual punishment," and "condition of confinement [sic]." (Compl. at PageID 661–66, 668–69.)

conditions of confinement; prison officials must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must take reasonable measures to guarantee the safety of the inmates. . . ." *Farmer*, 511 U.S. at 932–33 (internal quotation marks and citations omitted); *see also Helling v. McKinney*, 509 U.S. 25, 33 (1994) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'") (quoting *DeShaney v. Winnebago Cnty. Dep't of Soc. Servs.*, 489 U.S. 189, 200 (1989)). "A prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer*, 511 U.S. at 828.

Accordingly, claims under the Eighth Amendment require a plaintiff "to prove both the subjective and objective elements . . . ." *Helling*, 509 U.S. at 35. To satisfy the objective component for a claim based upon a failure to prevent harm, "the inmate must show he is incarcerated under conditions posing a substantial risk of serious harm." *Farmer*, 511 U.S. at 834 (citations omitted). "To satisfy the subjective component, an inmate must show that prison officials had a sufficiently culpable state of mind." *Berkshire v. Dahl*, 928 F.3d 520, 535 (6th Cir. 2019) (quotations and citations omitted). The United States Court of Appeals for the Sixth Circuit has elaborated as follows:

> [T]hat state of mind is one of deliberate indifference to inmate health or safety. Although the deliberate indifference standard describes a state of mind more blameworthy than negligence, this standard is satisfied if the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference.

*Id.* (quoting *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000) (citations and quotations omitted)). The Sixth Circuit has also referred to a deliberate indifference claim as a "failure to protect" claim. *See Caraway v. CoreCivic of Tennessee, LLC*, 98 F.4th 679, 683 (6th Cir. 2024)

(describing "'deliberate indifference' to a sufficiently serious risk of harm from which they owe an inmate protection" claim as "failure to protect").

Construing Plaintiff's Operative Complaint liberally, he alleges conditions of confinement claims against Defendants Morgan, Linsey, Pinson, Bailey, Charlton, Sexton, Shoemaker, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Wellinghoff, Cash, Starvers, Ragland, Koveleski, John Doe #4, Diehl, and Raypole.

Plaintiff's claims against Defendants Morgan, Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Mr. Wellinghoff, Cash, Starvers, Diehl, Raypole, and John Doe #4 only consist of the conclusory statements "deliberate indifference" and/or "failure to protect." (Compl. at PageID 661, 663–69.)  The Undersigned summarizes Plaintiff's allegations against these Defendants.

- <u>Defendant Morgan</u> – It appears that the core of Plaintiff's issue with Defendant Morgan is that Defendant Morgan purportedly removed two pages from Plaintiff's appeal related to his maximum-security placement and presided over the appeal as a warden and a director. (Compl. at PageID 689, 695–97, 700.)

- <u>Defendant Pinson</u> – Plaintiff's assertions relate to Defendant Pinson's alleged physical assaults against Plaintiff during the March 13, 2021 incident. (*Id.* at PageID 676, 678.)

- <u>Defendant Bailey</u> – Plaintiff's assertions relate to Defendant Bailey's alleged physical assaults against Plaintiff during the May 13, 2021 incident. (*Id.* at PageID 691–93, 702–03.)

- <u>Defendant Charlton</u> – Plaintiff's assertions relate to Defendant Charlton's alleged physical assaults against Plaintiff during the May 13, 2021 incident. (*Id.* at PageID 691–93, 702–03.)

- <u>Defendant Sexton</u> – Plaintiff's assertions relate to Defendant Sexton's alleged physical assaults against Plaintiff during the March 13, 2021 incident. (*Id.* at PageID 676, 678.)

- <u>Defendant Ewry</u> – Plaintiff's assertions relate to Defendant Ewry's alleged physical assaults against Plaintiff on March 19, 2021. (*Id.* at 686.)

- <u>Defendant Tedsko</u> – Plaintiff's assertions relate to Defendant Tedesko's alleged physical assaults against Plaintiff during the March 13, 2021 incident and his presence during the subsequent medical exam. (*Id.* at PageID 680–81.)

19

- <u>Defendants Knight, Angelo, and Brown</u> – Plaintiff's sole assertion against these three Defendants is that they beat him with "closed fist strikes to the body and the face" on April 30, 2021. (*Id.* at PageID 689.)

- <u>Defendant Sheppard</u> – Plaintiff's assertions relate to Defendant Sheppard's alleged physical assaults against Plaintiff during the second incident on May 13, 2021. (*Id.* at 692–93, 702.)

- <u>Defendant Spitnagel</u> – Plaintiff's assertions relate to Defendant Spitnagel's alleged physical assaults against Plaintiff during the first incident on May 13, 2021. (*Id.* at 691–92.)

- <u>Defendant Mr. Wellinghoff</u> – Plaintiff's assertions relate to Defendant Mr. Wellinghoff's conduct reports against Plaintiff and his involvement in revoking Plaintiff's phone and JPAY privileges. (*Id.* at PageID 694–95, 699–700.)

- <u>Defendants Cash and Starvers</u> – Plaintiff's assertions relate to Defendants Cash and Starvers' alleged physical assault against Plaintiff during the February 23, 2021 incident. (*Id.* at PageID 672–73.)

- <u>Defendant John Doe #4</u> – Plaintiff's assertions relate to Defendant John Doe #4's involvement in the March 13, 2021 incident. (*Id.* at PageID 677.)

- <u>Defendant Diehl</u> – Plaintiff's assertions relate to Defendant Diehl's involvement in turning off Plaintiff's phone and JPAY privileges. (*Id.* at PageID 694, 700.)

- <u>Defendant Raypole</u> – Plaintiff's assertions relate to Defendant Raypole's involvement in the March 13, 2021 incident. (*Id.* at PageID 676–80.)

Plaintiff does not make any allegations against these Defendants that could plausibly satisfy the objective and subjective prongs of the deliberate indifference test; nor does he make any effort to address the deliberate indifference standard. Accordingly, Plaintiff's Eighth Amendment claims against Defendants Morgan, Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Mr. Wellinghoff, Cash, Starvers, John Doe #4, Diehl, and Raypole should be **DISMISSED with prejudice** for failure to state a claim.

Regarding Defendants Linsey, Shoemaker, Ragland, and Koveleski, Plaintiff alleges facts that arguably relate to his conditions of confinement claims.

<u>Defendant Linsey</u>. Liberally construed, Plaintiff alleges that Defendant Linsey violated his Eighth Amendment rights by placing him in a "deplorable" cell. (Compl. at PageID 662, 693.) Conditions of confinement claims "are highly fact-specific and the length of exposure to

20

the conditions is often paramount." *Johnson v. Cool*, No. 1:22-CV-00031, 2024 WL 3992412, at

*10 (S.D. Ohio Aug. 29, 2024) (citing *Edge v. Mahlman*, No. 1:20-cv-892, 2021 WL 3725988,

(S.D. Ohio Aug. 23, 2021)) (quotations omitted), *report and recommendation adopted*, No. 1:22-

CV-31, 2025 WL 360607 (S.D. Ohio Jan. 31, 2025).  Here, Plaintiff alleges that the cell had

blood on the walls, did not have water, was cold, and smelled "pungent."  (Compl. at PageID

693.)  Plaintiff does not allege how long he was in the cell.  (*Id.*)  These alleged conditions do

not constitute objectively serious harms.  ""It is well-established that the presence of *some*

unsanitary conditions in a cell (including fecal matter) does not establish an Eighth Amendment

claim, except in circumstances where the volume of matter and duration of exposure are

extreme." *Johnson*, 2024 WL 3992412, at *10 (citation omitted) ("This Court has held that

placement in a cell without running water (i.e., a dry cell) for a fourteen-day period does not

violate the Eighth Amendment.").  Plaintiff's Eighth Amendment claims against Defendant

Linsey should be **DISMISSED with prejudice** for failure to state a claim.

    <u>Defendant Shoemaker</u>.  Plaintiff alleges a claim of "deliberate indifference" against

Defendant Shoemaker.  (Compl. at PageID 663.)  Plaintiff's assertions against Defendant

Shoemaker relate to his/her verbal interactions with Plaintiff on March 12, 2021; on unknown

date(s), Defendant Shoemaker's purported orders to two inmates to assault Plaintiff; Defendant

Shoemaker's searches of Plaintiff's cell; and Defendant Shoemaker's removal and destruction of

Plaintiff's documents.  (*Id.* at PageID 675–76, 685–86, 688–89.)  A prison official may be held

liable based on the failure to protect an inmate from an attack if he knows that the inmate faces

"a substantial risk of serious harm and disregards that risk by failing to take reasonable measures

to abate it." *Farmer*, 511 U.S. at 847.  The United States Court of Appeals for the Sixth Circuit,

however, has determined that "it is the reasonably preventable assault itself, rather than any fear

of assault that gives rise to a compensable claim under the Eighth Amendment." *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998) (citing *Babcock v. White*, 102 F.3d 267, 272 (7th Cir. 1996)).

Plaintiff does not allege that he was ultimately attacked by any inmate. *See Seabrooks v. Core Civic*, No. 3:17-cv-1328, 2019 WL 1015093, at* 4 (M.D. Tenn. Mar. 4, 2019) ("The holding in [*Yaklich*] required dismissal of Plaintiff's Eighth Amendment failure to protect claim given Plaintiff's lack of allegations that he suffered an actual physical injury caused by Defendants' alleged deliberate indifference to his safety.") (citing *Yaklich*, 148 F.3d at 601), *report and recommendation adopted*, 2019 WL 1359492 (M.D. Tenn. Mar. 26, 2019). The remainder of Plaintiff's allegations against Defendant Shoemaker do not plausibly satisfy the objective and subjective prongs of the deliberate indifference test. Accordingly, Plaintiff's Eighth Amendment claims for deliberate indifference against Defendant Shoemaker should be **DISMISSED with prejudice** for failure to state a claim.

Defendants Ragland and Koveleski. Plaintiff alleges "negligence," "indifference," and "inadequate medical care" against Defendants Ragland and Koveleski. (Compl. at PageID 666.) Construing Plaintiff's Operative Complaint liberally, the Undersigned interprets Plaintiff's claims as inadequate treatment claims under the Eighth Amendment.

Plaintiff fails to plausibly allege an inadequate treatment claim. Courts distinguish "'between cases where the complaint alleges a complete denial of medical care and those cases where the claim is that a prisoner received inadequate medical treatment,' such that where medical care is merely inadequate, [courts are] 'generally reluctant to second guess medical judgments.'" *Alspaugh v. McConnell*, 643 F.3d 162, 169 (6th Cir. 2011) (quoting *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976)). Similarly, "differences in judgment between an

inmate and prison medical personnel regarding the appropriate medical diagnoses or treatment are not enough to state a deliberate indifference claim." *Miller v. Stevenson*, No. 1:18-CV-702, 2018 WL 3722164, at *5 (W.D. Mich. Aug. 6, 2018) (citing *Sanderfer v. Nichols*, 62 F.3d 151, 154–55 (6th Cir. 1995)). "This is so even if the misdiagnosis results in an inadequate course of treatment and considerable suffering." *Couns. v. Millette*, No. 2:16-CV-48, 2016 WL 3049320, at *3 (W.D. Mich. May 31, 2016) (citing *Gabehart v. Chapleau*, No. 96-5050, 1997 WL 160322, at *2 (6th Cir. Apr. 4, 1997)). When a prisoner challenges the adequacy of medical treatment, he must show that the doctors provided "[such] grossly incompetent or [such] grossly inadequate [treatment] as to shock the conscience or be intolerable to fundamental fairness" to satisfy the objective prong. *Phillips v. Tangilag*, 14 F.4th 524, 534–35 (6th Cir. 2021) (citations omitted). *See also Mitchell v. Hininger*, 553 F. App'x 602, 604–05 (6th Cir. 2014) ("'Where the claimant received treatment for his condition, as here, he must show that his treatment was 'so woefully inadequate as to amount to no treatment at all.'") (quoting *Alspaugh*, 643 F.3d at 169).

Plaintiff alleges that Defendants Ragland and Koveleski provided him medical care after the March 13, 2021 incident but fails to allege their care was grossly incompetent or so inadequate as to amount to no treatment at all.[11] (Compl. at PageID 680–82.) They provided a sink for Plaintiff to rinse off the pepper spray, wiped his face, and glued his cut. (*Id.* at PageID 681.) While Plaintiff may have suffered even after receiving their medical care, their level care or lack thereof for his injuries does not shock the conscience. *Phillips*, 14 F.4th at 534–35; *Gabehart*, 1997 WL 160322, at *2. The Undersigned need not evaluate the subjective prong.

---

[11] Plaintiff also alleges that on an unknown date, Defendant Kovaleski refused to provide him with pain meds and to change his bandage. (Compl. at PageID 683.) This allegation is insufficient to state a claim upon which relief may be granted.

Accordingly, Plaintiff's Eighth Amendment claims against Defendants Ragland and Koveleski should be **DISMISSED with prejudice** for failure to state a claim.

In sum, Plaintiff's conditions of confinement claims against Defendants Morgan, Linsey, Pinson, Bailey, Charlton, Sexton, Shoemaker, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Wellinghoff, Cash, Starvers, Ragland, Koveleski, John Doe #4, Diehl, and Raypole should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

### v. Excessive Force

Plaintiff asserts excessive force claims against Defendants Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Starvers, John Doe #4, Shoemaker, and Raypole. (Compl. at PageID 663–69.) The Undersigned concludes that at this stage of the case, Plaintiff's excessive force claims may proceed except for those against Defendant Shoemaker. The context around the alleged physical assaults is not always clear, but the Undersigned finds that Plaintiff plausibly alleges enough facts to implicate both the objective and subjective components of an Eighth Amendment excessive force claim.

"The Eighth Amendment prohibition on cruel and unusual punishment protects prisoners from the 'unnecessary and wanton infliction of pain.'" *Barker v. Goodrich*, 649 F.3d 428, 434 (6th Cir. 2011) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). "The Supreme Court has explained that '[a]mong unnecessary and wanton inflictions of pain are those that are 'totally without penological justification.'" *Rafferty v. Trumbull Cty., Ohio*, 915 F.3d 1087, 1094 (6th Cir. 2019) (quoting *Rhodes*, 452 U.S. at 346). To state an Eighth Amendment claim for excessive force, an inmate "must satisfy a subjective and an objective component." *Id.* (quoting *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011)).

24

"The subjective component focuses on the state of mind of the prison officials. The relevant inquiry is 'whether force was applied in a good faith effort to maintain or restore discipline or maliciously and sadistically for the very purpose of causing harm.'" *Curtin*, 631 F.3d at 383 (quoting *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)). In making this determination, courts consider "'the need for the application of force, the relationship between the need and the amount of force that was used, and the extent of injury inflicted'" as well as "the circumstances 'as reasonably perceived by the responsible officials on the basis of the facts known to them, and any efforts made to temper the severity of a forceful response.'" *Id.* (quoting *Whitley*, 475 U.S. at 319).

"The objective component requires the pain inflicted to be 'sufficiently serious.'" *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "This is a 'contextual' inquiry that is 'responsive to contemporary standards of decency.'" *Id.* (quoting *Hudson*, 503 U.S. at 8–9). "The seriousness of the injuries are not dispositive; as the Supreme Court has held, '[w]hen prison officials maliciously and sadistically use force to cause harm, contemporary standards of decency always are violated . . . whether or not significant injury is evident.'" *Id.* (quoting *Hudson*, 503 U.S. at 9); *see also Wilkins v. Gaddy*, 559 U.S. 34, 38 (2010) (per curiam) ("An inmate who is gratuitously beaten by guards does not lose his ability to pursue an excessive force claim merely because he has the good fortune to escape without serious injury.").

<u>Defendant Shoemaker</u>. Plaintiff does not allege that Defendant Shoemaker used any force against Plaintiff or inflicted any injury. Accordingly, Plaintiff's claim of excessive force against Defendant Shoemaker must be **DISMISSED with prejudice** for failure to state a claim.

<u>February 23, 2021 Incident</u>. Plaintiff alleges that on February 23, 2021, Defendant Cash pulled Plaintiff into an area not covered by cameras after he left the dining hall, and Defendants

Cash and Starvers subsequently assaulted him. (Compl. at PageID 672–73.) Plaintiff asserts that Defendant Cash rammed his face twice into a concrete pillar. (*Id.*) Defendant Starvers allegedly bent Plaintiff's fingers back in attempt to break them. (*Id.*) Defendants Cash and Starver also purportedly made several statements and threats to Plaintiff, including harassing him about his Islamic headwear, threatening to break his hand, and asking him why he did not "swing." (*Id.*) The Undersigned finds that Plaintiff plausibly alleged an excessive force claim. Plaintiff's excessive force claims against Defendants Cash and Starvers can **PROCEED**.

    <u>March 13, 2021 Incident</u>. Plaintiff alleges that on March 13, 2021, Defendants John Doe #4, Raypole, Tedesko, Sexton, and Pinson physically assaulted him.

- Plaintiff asserts that Defendant John Doe #4 forcefully grabbed him, violently twisted his arm, and pushed him into a "door hitting [his] face on the steel door frame . . . ." (*Id.* at PageID 677.)
- Plaintiff asserts that Defendant Raypole punched him, kneed him, rammed his head into a steel file cabinet, and kicked him. (*Id.* at PageID 678–79.)
- Plaintiff asserts that Defendant Tedesko pushed him, struck him with a baton multiple times, maced him, and punched him. (*Id.* at PageID 678, 680.)
- Plaintiff asserts that Defendant Sexton kicked him twice. (*Id.* at PageID 678.)
- Plaintiff asserts that Defendant Pinson struck him with a baton. (*Id.*)

The Undersigned finds that Plaintiff plausibly alleged excessive force claims against these Defendants. Plaintiff's excessive force claims against Defendants John Doe #4, Raypole, Tedesko, Sexton, and Pinson can **PROCEED**.

    <u>March 19, 2021 Incident</u>. Plaintiff alleges that on March 19, 2021, Defendant Ewry physically assaulted him. Plaintiff asserts that Ewry grabbed him, "windmill slammed" Plaintiff onto his face, and put his knee into Plaintiff's neck for at least five minutes. (*Id.* at PageID 686.) Plaintiff alleges the "slam" caused him to bleed. (*Id.*) The Undersigned finds that Plaintiff plausibly alleged an excessive force claim against Defendant Ewry and that claim can **PROCEED**.

April 30, 2021 Incident.  Plaintiff alleges that on April 30, 2021, Defendants Brown, Knight, and Angelo physically assaulted him with "closed fist strikes."  (*Id.* at PageID 689.)  The Undersigned finds that Plaintiff plausibly alleged excessive force claims against Defendants Brown, Knight, and Angelo and those claims can **PROCEED**.

First May 13, 2021 Incident.  Plaintiff alleges that on May 13, 2021, Defendant Spitnegal punched him after entering his cell with several correctional officers in response to the hunger strike Plaintiff led.  (*Id.* at PageID 691–92.)  The Undersigned finds that Plaintiff plausibly alleged an excessive force claim against Defendant Spitnagel and that claim can **PROCEED**.

Second May 13, 2021 Incident.  Plaintiff alleges that approximately an hour and a half after the first incident on May 13, 2021, Defendants Sheppard, Charlton, Bailey, and Pinson entered Plaintiff's cell and physically assaulted him.  (*Id.* at PageID 692–93.)  Plaintiff asserts that Defendant Sheppard pulled a braid from his scalp and maced him.  (*Id.*)  Plaintiff contends that Defendants Charlton and Bailey kicked and punched him.  (*Id.* at PageID 693, 701.)  Plaintiff claims that Defendant Pinson "joined in the assault."  (*Id.*)  The Undersigned finds that Plaintiff plausibly alleged excessive force claims against Defendants Sheppard, Charlton, Bailey, and Pinson and those claims can **PROCEED**.

In sum, Plaintiff's excessive force claims against Defendants Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Starvers, John Doe #4, and Raypole can **PROCEED**.  Plaintiff's excessive force claim against Defendant Shoemaker must be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

### C.    Due Process Claims

Plaintiff's "due process" claims against Defendants Lyons and Morgan should be dismissed for failure to state a claim.  Plaintiff only lists "due process" as one of his claims

against Defendants Lyons and Morgan and provides no further elaboration.  (Compl. at PageID 661, 665.)  Construing the Operative Complaint liberally, Plaintiff's factual allegations indicate that he is asserting a procedural due process claim against Defendant Lyons regarding her involvement in disciplinary decisions and against Defendant Morgan for his purported removal of pages in Plaintiff's "Notice of Objection."  (*Id.* at PageID 672–73, 695–97, 701–02.)

To plead a procedural due process claim, Plaintiff must allege either that Defendants deprived him of liberty as a result of an established state procedure that itself violates due process rights, or that Defendants deprived him of liberty pursuant to a random and unauthorized act and available state remedies would not be adequate to redress the deprivation.  *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991).  In the instant case, Plaintiff does not allege that a state procedure violated his due process rights.  Rather, to the extent that Plaintiff asserts a due process claim, it would appear he claims that Defendants Lyons and Morgan engaged in unauthorized acts.

Plaintiff alleges that Defendant Lyons found him guilty in a "bias disciplinary hearing"; on May 20, 2021, she found him guilty "of one of the conduct reports after denying [him] the right of the presence of the charging officer"; and she denied his request to have the charging official present in his March 23, 2021 disciplinary hearing.  (Compl. at PageID 672–73, 695, 701–02.)  These allegations are insufficient to adequately plead that Defendant Lyons engaged in an unauthorized act that deprived Plaintiff of his liberty.  *Iqbal*, 556 U.S. at 678 ("A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotations omitted).  Assuming without finding that Defendant Lyons engaged in an unauthorized act, Plaintiff fails to allege that the available state remedies are inadequate.

Accordingly, Plaintiff's due process claims against Defendant Lyons should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Plaintiff alleges that Defendant Morgan removed two pages from Plaintiff's appeal to prevent his "maximum security placement from being overturned" and that those pages demonstrated that non-party Lesley Ervin did not sign documents at the conclusion of a hearing, as required by policy, and instead backdated them. (Compl. at PageID 696–97, 700.) Plaintiff does not identify what documents were not signed, the policy that he alleges non-party Lesley Ervin violated, or how the purported removal affected his security placement. These allegations are insufficient to adequately plead that Defendant Morgan engaged in an authorized act that deprived Plaintiff of his liberty. Assuming without finding that Defendant Morgan engaged in an unauthorized act, Plaintiff fails to allege that the available state remedies are inadequate. Accordingly, Plaintiff's due process claims against Defendant Morgan should be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

### D. State Law Claims

Although unclear, the Undersigned assumes that Plaintiff alleges violations of Ohio state law against Defendants Morgan, Linsey, Pinson, Bailey, Charlton, Sexton, Shoemaker, Doughty, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Mr. Wellinghoff, Cash, Starvers, Ragland, Koveleski, John Doe #4, Smith, and Raypole. (Compl. at PageID 661–69.)

### vi. Supplemental Jurisdiction

The Undersigned recommends that the Court decline to exercise jurisdiction over Plaintiff's purported state law claims against Defendants Linsey, Doughty, Ragland, and Koveleski because she recommends that the Court dismiss all of Plaintiff's federal law claims against those Defendants. Under 28 U.S.C. § 1367, the Court may decline to exercise supplemental jurisdiction when the Court "has dismissed all claims over which it has original

jurisdiction." 28 U.S.C. § 1367(c)(3). The United States Court of Appeals for the Sixth Circuit

has held that "[i]f the federal claims are dismissed before trial, the state claims generally should

be dismissed as well." *Brooks v. Rothe*, 577 F.3d 701, 709 (6th Cir. 2009) (internal quotations

omitted). The Undersigned **RECOMMENDS** that the Court decline to exercise supplemental

jurisdiction over Plaintiff's purported state law claims against Defendants Linsey, Doughty,

Ragland, and Koveleski and **DISMISS without prejudice** those claims.

### vii.    Failure to State a Claim

Plaintiff also brings purported state law claims against remaining Defendants Morgan,

Mr. Wellinghoff, Spitnagel, Shoemaker, Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko,

Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Starvers, John Doe #4, and Raypole.

(Compl. at PageID 661–69.) The Undersigned finds that Plaintiff fails to plausibly any state law

claim.

- <u>Defendant Morgan</u> – Plaintiff asserts "harassment" and "rehabilitation" against Defendant Morgan. (Compl. at PageID 663.)
- <u>Defendants Pinson, Bailey, Charlton</u> – Plaintiff asserts "intentional emotion distress" and "sexual harassment" against these Defendants. (*Id.*)
- <u>Defendant Sexton and Charlton</u> – Plaintiff asserts "U.U.O.R." against Defendant Sexton and Charlton. (*Id.*)
- <u>Defendant Shoemaker</u> – Plaintiff asserts "intentional infliction" against Defendant Shoemaker. (*Id.*)
- <u>Defendants Ewry, Knight, Angelo, Brown, Spitnagel, Mr. Wellinghoff, Cash, Starvers, and John Doe #4</u> – Plaintiff asserts "I.I.E.D." against these Defendants. (*Id.* at PageID 664–68.)
- <u>Defendant Tedesko</u> – Plaintiff asserts "I.I.E.D." and "unlawful use of restraints" against Defendant Tedesko. (*Id.* at PageID 664.)
- <u>Defendant Sheppard</u> – Plaintiff asserts "sexual harassment" and "I.I.E.D." against Defendant Sheppard. (*Id.* at PageID 665.)
- <u>Defendant Smith</u> – Plaintiff asserts "harassment" and "I.I.E.D." against Defendant Smith. (*Id.* at PageID 668.)
- <u>Defendant Raypole</u> – Plaintiff asserts "unlawful use of restraints" against Defendant Raypole. (*Id.* at PageID 669.)

These claims must fail as Plaintiff did not provide any factual allegations relating to these claims, and several are not cognizable claims. *Frengler*, 482 F. App'x at 976–77 ("courts should not have to guess at the nature of the claim asserted") (citation and quotations omitted); *Iqbal*, 556 U.S. at 678 ("A complaint will not "suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotations omitted).  The Undersigned **RECOMMENDS** that Plaintiff's purported state law claims against Defendants Morgan, Mr. Wellinghoff, Spitnagel, Shoemaker, Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Starvers, John Doe #4, and Raypole be **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.

Accordingly, the Undersigned **RECOMMENDS** that the Court **DISMISS** all of Plaintiff's purported state law claims.

### IV.      CONCLUSION

For the foregoing reasons, the Undersigned **RECOMMENDS** that the Court **DISMISS** Plaintiff's Operative Complaint **EXCEPT** the following claims:

- First Amendment retaliation claims against Defendants Morgan, Diehl, and Mr. Wellinghoff relating to their revocation of his phone and JPAY privileges;
- First Amendment retaliation claims against Defendants Spitnagel and Shoemaker for their physical assaults on Plaintiff because he filed grievances; and
- Eighth Amendment excessive force claims against Defendants Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Starvers, John Doe #4, and Raypole.

The Undersigned **RECOMMENDS** that all other remaining federal law claims against all Defendants should be **DISMISSED with prejudice**.

The Undersigned **RECOMMENDS** that the state law claims against Defendants Morgan, Pinson, Bailey, Charlton, Sexton, Shoemaker, Ewry, Knight, Angelo, Brown, Sheppard,

Spitnagel, Mr. Wellinghoff, Cash, Starvers, John Doe #4, Tedesko, and Raypole should be **DISMISSED with prejudice**.

The Undersigned **RECOMMENDS** that the state law claims against Defendants Linsey, Doughty, Ragland, and Koveleski should be **DISMISSED without prejudice**.

It is further **RECOMMENDED** that Plaintiff's Motions (ECF Nos. 61, 70, 71, 79) be **DENIED as moot** and Defendants' Motion to Dismiss (ECF No. 57) be **DENIED as moot**.

The docket reflects that summons were returned executed on the remaining Defendants except for Defendants Mr. Wellinghoff, Shoemaker, Sexton, Knight, and Starvers. If Plaintiff wishes for the Court to direct the United States Marshal to effectuate service in this action, Plaintiff is **ORDERED** to submit service copies of his Operative Complaint (ECF No. 56), summons, and U.S. Marshal forms within **30 DAYS** of this Order. If Plaintiff does not intend to utilize the United States Marshal, he is **ORDERED** to effectuate service within **60 DAYS** of this Order. Plaintiff is **AGAIN CAUTIONED** that failure to comply with this Order could result in dismissal of his case for failure to prosecute.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may, within 14 days, file and serve on all parties its objections to the Report and Recommendation, specifically designating this Report and Recommendation, and the part in question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within 14 days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review of by the District Judge and waiver of the right to appeal the judgment of the District Court. Even when timely

objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

**IT IS SO ORDERED.**

**Date: July 23, 2025**                    /s/ *Elizabeth A. Preston Deavers*
                                        **ELIZABETH A. PRESTON DEAVERS**
                                        **UNITED STATES MAGISTRATE JUDGE**