UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**CEDRIC A. GLAZE,**

       **Plaintiff,**

  v.

**DONALD MORGAN,** *et al.***,**

       **Defendants.**

Case No. 2:22-cv-2855
Judge Edmund A. Sargus, Jr.
Magistrate Judge Elizabeth P. Deavers

## OPINION AND ORDER

This matter is before the Court on an Order and Report and Recommendation issued by the Magistrate Judge on July 23, 2025 (ECF No. 83) and on Plaintiff Cedric A. Glaze's Objection to Report and Recommendations (ECF No. 84). Also before the Court are several ancillary motions filed by Mr. Glaze. (ECF Nos. 61, 70, 71, and 79.)

For the reasons stated in this Opinion and Order, the Court **SUSTAINS in part** and **OVERRULES in part** Mr. Glaze's Objection and **MODIFIES** the Order and Report and Recommendation accordingly. The Court otherwise **ADOPTS** and **AFFIRMS** the Order and Report and Recommendation. The Court summarizes the disposition of the case in Part VI of the Analysis section and addresses Mr. Glaze's motions in the Conclusion section.

## BACKGROUND

In a Report and Recommendation issued on February 3, 2023, the Magistrate Judge discussed the factual background of this case in detail. (ECF No. 6, PageID 127–35.) The Magistrate Judge added more factual and procedural background in her Order and Report and Recommendation issued on July 23, 2025. (R&R, ECF No. 83, PageID 863–64.) The Court adopts the background facts as discussed in both Reports and Recommendations and summarizes the facts

and procedural history most relevant to this Opinion and Order.

## I. Procedural History

Mr. Glaze, a current prisoner at Southern Ohio Correctional Facility, filed a *pro se* Complaint raising various civil rights claims under 42 U.S.C. § 1983 against more than thirty defendants for violations of the U.S. Constitution and state law. (ECF No. 5.) His claims relate to his time as a prisoner at Ross Correctional Institution ("RCI") under the supervision of Ohio Department of Rehabilitation and Corrections ("ODRC") officials. (*Id.*) After a screen of Mr. Glaze's Complaint under 28 U.S.C. § 1915(e)(2)(B), the Court dismissed several of Mr. Glaze's claims and terminated several defendants from this case. (ECF No. 6, PageID 138–42; ECF No. 11.) The Court permitted Mr. Glaze to continue his First and Eighth Amendment claims as to most Defendants named in the Complaint. (ECF No. 11.)

The Court granted Mr. Glaze leave to amend his Complaint. (ECF No. 49.) Mr. Glaze filed an Amended Complaint. (ECF No. 53.) The Court construed the Complaint (ECF No. 5) and the Amended Complaint (ECF No. 53) together as the Operative Complaint (ECF No. 56). (*See* ECF No. 55.) Mr. Glaze's Operative Complaint spans 58 pages and is difficult to decipher. Construed generously, Mr. Glaze brings claims against twenty-nine Defendants, all in their individual capacities, under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the U.S. Constitution, and several state law claims.[1] (*See* R&R, PageID 864.) Generally, he alleges Defendants physically assaulted him, destroyed his property and legal documents, held him under inhumane conditions, and retaliated against him for protected conduct including filing grievances against them. (*See* ECF No. 56.)

---

[1] The Court previously dismissed all of Mr. Glaze's claims against Defendants in their official capacities for monetary damages on grounds of Eleventh Amendment immunity. (ECF No. 6, PageID 137–38; ECF No. 11.)

Among the multiple assaults alleged by Mr. Glaze, three assaults are most relevant here. First, on March 13, 2021, Mr. Glaze alleges several Defendants assaulted him, including by punching and kicking him, throwing him into a door frame and file cabinet, and macing him. (*Id.* PageID 677–80.) Second, on March 19, 2021, Mr. Glaze alleges Defendant Ewry "windmill slammed" Mr. Glaze into the ground, causing Mr. Glaze to bleed, and put his knee on Mr. Glaze's neck for at least five minutes. (*Id.* PageID 686.) Third, on May 13, 2021, Mr. Glaze alleges Defendant Spitnagel punched him after entering his cell with several correctional officers in response to a hunger strike led by Mr. Glaze. (*Id.* PageID 691–92.)

Defendants, represented by counsel from Interested Party the State of Ohio, moved to dismiss some of Mr. Glaze's claims. (ECF No. 57.) Mr. Glaze responded in opposition. (ECF No. 72.) Defendants replied. (ECF No. 77.) Mr. Glaze filed several motions: a Motion for Preliminary Injunction or Declaratory Judgment Relief (ECF No. 61), a Motion for Leave to Compile More Than 25 Interrogatories (ECF No. 70), a Motion to Compel Defendants to Respond to Admissions Interrogatory and Production (ECF No. 71), and a Motion for Settlement Conference/Arbitration (ECF No. 79).

## II. The Magistrate Judge's Order and Report and Recommendation

In the Magistrate Judge's Order and Report and Recommendation, she conducted a fresh screen of the Operative Complaint under 28 U.S.C. § 1915(e)(2) and considered the briefing on Defendants' Motion to Dismiss (ECF No. 57). (R&R.) The Magistrate Judge made the following recommendations:

- Mr. Glaze's claims for retaliation in violation of the First Amendment regarding the revocation of Mr. Glaze's phone and JPAY privileges can continue against Defendants Morgan, Diehl, and Mr. Wellinghoff.[2]

---

[2] Mr. Glaze also named "Mrs. Wellinghoff" as a Defendant but stated no claims against her. (*See* R&R, PageID 868.)

- Mr. Glaze's claims for retaliation in violation of the First Amendment regarding physical assaults on Mr. Glaze because he filed grievances can continue against Defendants Spitnagel and Shoemaker.

- Mr. Glaze's claims for excessive force in violation of the Eighth Amendment can continue against Defendants Pinson, Bailey, Charlton, Sexton, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Cash, Stevens, John Doe #4, and Raypole.

- The Court should dismiss with prejudice all other federal law claims against all Defendants.

- The Court should dismiss with prejudice all state law claims against Defendants Morgan, Pinson, Bailey, Charlton, Sexton, Shoemaker, Ewry, Knight, Angelo, Brown, Sheppard, Spitnagel, Wellinghoff, Cash, Starvers, John Doe #4, and Raypole.

- The Court should decline to exercise supplemental jurisdiction over the state law claims against Defendants Linsey, Doughty, Ragland, and Koveleski and should dismiss those claims without prejudice.

- Mr. Glaze's various motions (ECF Nos. 61, 70, 71, 79) should be denied as moot.

(R&R, PageID 892–93.) The Magistrate Judge also concluded that Mr. Glaze had failed to serve Defendants Wellinghoff, Shoemaker, Sexton, Knight, and Starvers. (*Id.* PageID 893.) She ordered Mr. Glaze to submit service copies of his Operative Complaint, summons, and U.S. Marshal forms within 30 days of the Order and Report and Recommendation, or, in the alternative, to effectuate service within 60 days. (*Id.*)

## III. Mr. Glaze's Objections

Mr. Glaze objected to the Order and Report and Recommendations on some, but not all the Magistrate Judge's recommendations. (Obj., ECF No. 84.)

First, Mr. Glaze corrected the name of Defendant Cline to Canters and objected to the Magistrate Judge's conclusion that he did not state any constitutional claims against Defendant Canters. (*Id.*, PageID 896.) He restates facts stated in the Operative Complaint that Defendant

4

Canters threatened to mace him and beat him if Mr. Glaze did not clean up his own vomit and argues he stated a claim for retaliation in violation of the First Amendment. (*Id.*)

Second, Mr. Glaze objects to the recommended dismissal of his excessive force claims against Defendants Doughty and Walters and alleges additional factual allegations about their participation in a physical assault on him on March 19, 2021. (*Id.* PageID 896–97.) He argues that although "their actions were not detailed in" the Operative Complaint, their participation in the assault "can be easily construed" from the Operative Complaint. (*Id.*) Mr. Glaze also states the Court should grant him leave to amend the complaint to add more detail. (*Id.*)

Third, Mr. Glaze objects to the recommended dismissal of his First Amendment retaliation claims against Defendants Gibson and Linsey based on their acts alleged in the Operative Complaint and their participation in "a continuous pattern of retaliation" against him and makes additional factual allegations against them. (*Id.* PageID 897.) Mr. Glaze states that Defendants Gibson and Linsey "did not assault" him. (*Id.*)

Fourth, Mr. Glaze objects to the recommended dismissal of the First Amendment retaliation claim against Defendant Raypole and states he "concedes that the retaliation claim against Defendant Raypole was not address in the Court[']s Order and Report as Defendant Raypole and others assaulted [him] on 3-13-2021." (*Id.* PageID 898 (citing ECF No. 5, PageID 88).)

Fifth, Mr. Glaze objects to the recommended dismissal of his First Amendment retaliation claims against Defendants Cash and Starvers. (ECF No. 84, PageID 898.) He claims Defendants Cash and Starvers "stated while assaulting [him] that their intention was that they would make sure that [he] 'wasn't able to write grievances.'" (*Id.*) Mr. Glaze also states that the alleged assault on him by Defendants Cash and Starvers (which is alleged to have occurred on February 23, 2021)

was "10 days after [he] wrote a grievance on their supervisor Lt. Linsey." (*Id.*; *see* ECF No. 56, PageID 672–73.) He makes additional factual allegations regarding the February 23, 2021 assault. (ECF No. 84, PageID 898.)

Mr. Glaze also states that he "does not contest to the rest of the Honorable Magistrate Judge's Order and Report and Recommendation." (*Id.* PageID 899.)

After Mr. Glaze filed his Objection, he filed a Motion to Appoint Counsel and/or for Investigator for Assistance. (ECF No. 85.)

## LEGAL STANDARD

A litigant who is the subject of an adverse report and recommendation from a magistrate judge is entitled to de novo review of those portions of the report to which proper objections are made. 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

To state a claim upon which relief may be granted, plaintiffs must satisfy the pleading requirements set forth in Rule 8(a), which requires a pleading to contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Accordingly, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678 (clarifying the plausibility standard from *Twombly*, 550 U.S. at 556). Furthermore, "[a]lthough for purposes of a motion to dismiss [a court] must take all the factual allegations in the complaint as true, '[the

6

court is] not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555) (internal quotations omitted).

Courts liberally construe pleadings by *pro se* litigants, and such pleadings are subject to "'less stringent standards than formal pleadings drafted by lawyers' and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (quoting *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (cleaned up)). The Court must "construe the complaint in the light most favorable to the plaintiff [and] accept all well-pleaded factual allegations as true." *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003).

## ANALYSIS

The Court reviews Mr. Glaze's five objections and concludes by summarizing the status of Mr. Glaze's case.

### I. Objection Regarding Defendant Canters

The Magistrate Judge correctly concluded that Mr. Glaze failed to state a claim for First Amendment retaliation against Defendant Canters. Mr. Glaze restates the same facts about Defendant Canters as he stated in the Operative Complaint: Defendant Canters threatened to beat him and to mace him if he did not clean up his own vomit. (ECF No. 84, PageID 896; ECF No. 56, PageID 682.)

As the Magistrate Judge observed in her screen of Defendant's Complaint (ECF No. 5), "[i]t is well-settled that 'verbal harassment or idle threats by a state actor do not create a constitutional violation and are insufficient to support a section 1983 claim for relief.'" (ECF No. 6, PageID 138 (quoting *Wingo v. Tenneessee Dep't of Corr.*, 499 F. App'x 453, 455 (6th Cir. 2012) (per curiam)).) In the Order and Report and Recommendation, the Magistrate Judge concluded

7

that Mr. Glaze's similar allegations regarding Defendant Canters in the Operative Complaint failed to state a claim for relief. (R&R, PageID 868.) The Court agrees, and Mr. Glaze's first objection is **OVERRULED**.

### II. Objection Regarding Defendants Doughty and Walters

Mr. Glaze objects to the dismissal of his excessive force claims against Defendants Doughty and Walters. (ECF No. 84, PageID 896–97.) He asserts additional facts regarding these Defendants in the Objection that were not stated in the Operative Complaint and asks for leave of Court to amend the Operative Complaint to add those facts. (*Id.*)

#### A. The Magistrate Judge correctly dismissed the claims on the facts alleged.

Mr. Glaze alleges that, during the incident on March 19, 2021, Defendant Doughty "started to yell and get irate" and that he "stated what you say, and tried to grab me." (ECF No. 56, PageID 683, 686.) He also alleged that Defendant Doughty, speaking to Defendant Ewry, "yelled get your god damn knee out his neck." (*Id.* PageID 686.) Mr. Glaze's sole allegation against Defendant Walters is that he told another inmate during the incident to stop talking and mind his own business. (*Id.*) Mr. Glaze objects on the ground that the Court should have inferred the Defendants' participation in an assault on him based on these facts.

The Magistrate Judge correctly concluded that these facts fail to state a claim for relief. These facts do not sufficiently allege that Defendants Doughty or Walters caused harm to Mr. Glaze or used excessive force. And the Court "should not have to guess at the nature of the claim asserted." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Hawkins-Bivins v. Michigan*, No. 2:25-CV-22, 2025 WL 464702, at *3 (W.D. Mich. Feb. 12, 2025) ("Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints.") On the facts as pled in the Operative

8

Complaint, Mr. Glaze's Objection is **OVERRULED**.

### B. Mr. Glaze's motion for leave to amend his complaint is not well taken.

In his Objection, Mr. Glaze states new facts. He alleges "it was 7 officers total all holding [him] down by placing knees on the back of [his] body while being choked they were twisting [his] arms behind his back holding his legs and arms to the ground with knees and hands in which Defendants Doughty and Walters were of the 7 Correctional Officers[.]" (ECF No. 84, PageID 896.) He makes no such allegations against Defendants Doughty and Walters in the Operative Complaint.

Mr. Glaze's assertion of new facts in his Objection equates to an attempt to amend the allegations in the Operative Complaint. An objection to a magistrate judge's report and recommendation is not a new complaint nor an opportunity to supplement the complaint. Mr. Glaze essentially concedes that he needs leave to amend the Operative Complaint to avoid dismissal by asking the Court for leave to amend the Operative Complaint.

Rule 15 of the Federal Rules of Civil Procedure provides, in situations other than amending a pleading as a matter of course under Rule 15(a)(1), "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "In deciding whether to allow an amendment, the court should consider the delay in filing, the lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of amendment." *Perkins v. Am. Elec. Power Fuel Supply, Inc.*, 246 F.3d 593, 605 (6th Cir. 2001); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962).

To the extent Mr. Glaze moves to amend the Operative Complaint this late in the litigation, he fails to state grounds for such extraordinary relief. Mr. Glaze filed his Complaint in June 2022,

more than three years ago. (ECF Nos. 1, 5.) The Court already granted him leave to amend once (more than two years after he filed his original Complaint) and repeatedly instructed him on the proper procedure to file an Amended Complaint. (*See* ECF Nos. 43, 46, 47, 49, 52.) When he did file an Amended Complaint (ECF No. 53), it did not substantially differ from the original Complaint, and the Court generously construed his Amended Complaint together with his original Complaint as the Operative Complaint. (ECF No. 55.) Now, Mr. Glaze again seeks leave to amend the complaint, more than four years after the incidents in question. He asserts no basis for why he could not have stated these additional facts years ago, and they are not newly discovered facts or new occurrences. Granting leave to amend again to add new facts this late in the litigation would cause further delay and be highly prejudicial to Defendants, and the interests of justice do not require it.

To the extent Mr. Glaze moves for leave to amend the Operative Complaint, his motion is **DENIED**. His objection to the Order and Report and Recommendation regarding Defendants Doughty and Walters is **OVERRULED**.

### III. Objection Regarding Defendants Linsey and Gibson

Next, Mr. Glaze objects to the recommended dismissal of his First Amendment retaliation claims against Defendants Linsey and Gibson. To plead a claim for retaliation in violation of the First Amendment to the U.S. Constitution, a plaintiff must plead each of the following:

> (1) the plaintiff engaged in *protected conduct*; (2) an *adverse action* was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a *causal connection* between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Muhammad v. Close*, 379 F.3d 413, 416 (6th Cir. 2004) (emphasis added).

### A. Defendant Linsey

Mr. Glaze alleges he filed a grievance against Defendant Linsey, a correctional officer, on February 13, 2021 for improperly handling confiscated property in violation of ODRC policy. (ECF No. 56, PageID 672.) Mr. Glaze also alleges that he filed a grievance on March 12, 2021, against Defendants Raypole, Pinson, Bailey, and Tedesko "for brutally assaulting me and planting drugs on my person to cover their assault." (*Id.* PageID 691–93.) On May 13, 2021, after Mr. Glaze coordinated a hunger strike, Defendant Spitnagel physically assaulted Mr. Glaze after Defendant Raypole stated "alright Glaze your turn." (ECF No. 56, PageID 691–92.)

Generously construed, the Operative Complaint alleges that, after the May 13, 2021 hunger strike and assault, Defendant Linsey, on the same day, moved Mr. Glaze to a cell with "inhumane" and unsanitary conditions, including remnants of pepper spray that burned his skin, a non-functioning toilet filled with urine and feces, and a temperature "so cold I was shaking uncontrollably and every time I tried to use my body heat it activated the [pepper] spray." (*Id.* PageID 693.) He was moved to another cell "just as deplorable" with black mold and was kept there for more than 90 days. (*Id.* PageID 693–94.) During this time, he was not provided clothing, underwear, socks, or shirts and was given cleaning chemicals (but no rags) just once. (*Id.*)

Additionally, Mr. Glaze alleges he told Defendant Linsey about the assault and Defendant Linsey told him to file a grievance, but no officers allowed him to file a complaint. (*Id.*) Construing the complaint generously, the Court can infer that Mr. Glaze alleges Defendant Linsey refused Mr. Glaze's request to file a formal grievance.

#### i. Protected Conduct

"It is well-settled that 'an inmate has an undisputed First Amendment right to file grievances against prison officials on his own behalf.'" *Hardrick v. Huss*, __F. 4th __, No. 24-

11

1456, 2025 WL 2599938, at *4 (6th Cir. Sept. 9, 2025) (per curiam) (quoting *Maben v. Thelen*, 887 F.3d 252, 264 (6th Cir. 2018)); *see Maben*, 887 F.3d at 265 ("An inmate has a right to file 'non-frivolous' grievances against prison officials on his own behalf, whether written or oral." (quoting *Mack v. Warden Loretto FCI*, 839 F.3d 286, 299 (3d Cir. 2016))). Mr. Glaze filed grievances against Defendant Linsey and other Defendants before he was moved to isolation. The first element is sufficiently alleged.

## ii. Adverse Action

"To evaluate whether conduct constitutes an 'adverse action,' [courts] ask whether the alleged action would deter a person of 'ordinary firmness' from engaging in protected activity." *Hardrick*, 2025 WL 2599938, at *5 (quoting *Bell v. Johnson*, 308 F.3d 594, 603 (6th Cir. 2002)). At this stage, "the plaintiff need only establish that 'the retaliatory acts amounted to more than a de minimis injury.'" *Id.* (quoting *Hill v. Lappin*, 630 F.3d 468, 472 (6th Cir. 2010)). Mr. Glaze alleges Defendant Linsey moved him to a cell with unsanitary conditions, as described above, and refused to take his grievance report. The unsanitary conditions described are more than de minimis and are sufficiently deterrent, and it is too early to resolve any factual disputes about the nature and length of the conditions suffered by Mr. Glaze. The loss of his filing privileges and the increase in restrictions in his conditions of confinement as alleged are sufficiently adverse. *See Maben*, 887 F.3d at 267. The second element is met.

## iii. Causal Connection

Mr. Glaze also sufficiently alleges a causal connection between the protected conduct of filing grievances against Defendant Linsey and others and Defendant Linsey's adverse actions. "[I]f a defendant retaliates based on protected activity aimed at other officials, it's still retaliation based on conduct protected by the First Amendment." *Hardrick*, 2025 WL 2599938, at *4 (citing

*Thomas v. Eby*, 481 F.3d 434, 437, 440 (6th Cir. 2007)). The Operative Complaint alleges that the move to the unsanitary cell and the refusal to take his grievance report occurred after the grievances Mr. Glaze filed against Defendants Linsey, Raypole, and others.

The causal connection element is admittedly a close call. And Mr. Glaze's Operative Complaint is not artfully drafted to connect all the dots between his protected conduct and the adverse actions Defendant Linsey took against him. But at this stage, before discovery, he does not need to do so. Mr. Glaze alleges that he engaged in specific protected conduct by filing grievances, that Defendant Linsey acted adversely against him by placing him in an unsanitary isolation cell because of that protected conduct, and that the adverse actions occurred within two to three months after the protected conduct. *See Maben*, 887 F.3d at 268 (citing cases holding that temporal proximity between protected conduct and an adverse action can be evidence of retaliatory motive). As alleged, in the interim, he faced physical assaults, losses in privileges, and increases in restrictions relating to his filing of grievances and preparation to file a federal lawsuit. Further argument that Defendant Linsey's actions were in response to unrelated disruptive conduct by Mr. Glaze or were taken for other justifiable reasons wades too heavily into a factual dispute for the motion to dismiss stage.

Accordingly, Mr. Glaze has sufficiently pled a First Amendment retaliation claim against Defendant Linsey, and his Objection is **SUSTAINED** on this claim against him.

### B.  Defendant Gibson

Mr. Glaze alleges Defendant Gibson, a correctional officer, "turned my water off [and] wrote me a retaliatory conduct report to further harass me and made false statements in the body of the report" after he discovered Mr. Glaze in his cell with water on the floor about an hour after he was assaulted by other correctional officers on May 13, 2021. (ECF No. 56, PageID 693.) Mr.

13

Glaze appears to state this is the isolation cell Defendant Linsey placed him in after the hunger strike and assault. He also alleges Defendant Gibson "destroyed my property and legal materials and documents to prevent evidence of wrongdoing by staff," referring to items left behind in his cell when he was moved to the isolation cell. (*Id.* PageID 694.) Defendant Gibson allegedly removed from Mr. Glaze's cell various materials relating to administrative appeals and a federal court case he was preparing to file, including statements obtained from other inmates, legal motions, appeal papers, evidentiary documents, religious materials, and other items "because there were documents that prove staff was fabricating conduct reports, grievances and disciplinary hearings and classification hearings." (*Id.*)

### i. Protected Conduct

Mr. Glaze alleges that Defendant Gibson's actions were in retaliation for him filing a grievance against Defendant Linsey, which is protected conduct. (*Id.* PageID 693.) Furthermore, it is plausibly inferred from the Operative Complaint that Mr. Glaze also alleges Defendant Gibson's actions related to other grievance filings and his preparation for a lawsuit regarding his treatment in prison. The first element is sufficiently pled.

### ii. Adverse Action

As the Magistrate Judge observed regarding Mr. Glaze's retaliation claim against Defendant Shoemaker, "[c]ell searches can amount to adverse actions that would deter a person of ordinary firmness, particularly when combined with destruction of property." (R&R, PageID 874 (citing *Alexander v. Makela*, No. 2:16-CV-49, 2017 WL 6887037, at *3 (W.D. Mich. Oct. 18, 2017), *report and recommendation adopted*, No. 2:16-CV-49, 2018 WL 354534 (W.D. Mich. Jan. 9, 2018)).) The same is true regarding Defendant Gibson's search of Mr. Glaze's cell, which allegedly included destruction or removal of evidentiary documents, legal papers, and other

14

property. The second element is sufficiently pled.

### iii. Causal Connection

Last, Mr. Glaze adequately alleges a causal connection between his grievance against Defendant Linsey and other protected conduct and Defendant Gibson's retaliatory action. Mr. Glaze alleges that after he filed a grievance against Defendant Linsey, Defendant Linsey came to his cell to move him to an isolation pod and threatened to mace him if he did not leave property behind in his cell. (ECF No. 56, PageID 693.) He then alleges Defendant Gibson "destroyed my property and legal material and documents" in retaliation "after numerous attempts to retrieve my property I have been denied." (*Id.*)

"At this stage, [the plaintiff] must provide enough facts to show that 'the adverse action was motivated at least in part by [his] protected conduct.'" *Hardrick*, 2025 WL 2599938, at *5 (quoting *Heyward v. Cooper*, 88 F.4th 648, 657 (6th Cir. 2023)). Construing the allegations liberally, Mr. Glaze has adequately alleged that Defendant Gibson's destruction of his property was motivated at least in part by Mr. Glaze's filing of grievances and his preparation of a lawsuit against correctional officers.

Mr. Glaze's Objection regarding Defendant Gibson is **SUSTAINED**, and his First Amendment retaliation claim against Defendant Gibson can continue.

## IV. Objection Regarding Defendant Raypole

Mr. Glaze objects to the Magistrate Judge's conclusion that Mr. Glaze did not state a claim for relief against Defendant Raypole for First Amendment retaliation. On March 12, 2021, Mr. Glaze alleges that he told correctional officers Shoemaker, Pinson, Smith, Tackett, and Ewry that he would be filing a grievance against them for making threats to mace him and beat him and for "inappropriate supervision." (ECF No. 56, PageID 675–76.) Mr. Glaze alleges that Defendant

15

Raypole searched him on his way to breakfast the next day, March 13, 2021, and Defendant Raypole said he searched him "because you wont stop writing these stupid ass grievances." (*Id.* PageID 676.) After the search, Defendant Raypole ordered Mr. Glaze to return to his cell rather than go to breakfast, and several correctional officers "started to box [Mr. Glaze] in." (*Id.*) Mr. Glaze threatened to file a grievance against them "for abuse of power and harassment and retaliation." (*Id.* PageID 677.) After some argument, several correctional officers beat Mr. Glaze. (*Id.*) Defendant Raypole punched, kneed, and kicked him and rammed his head into a steel file cabinet. (ECF No. 56, PageID 678–79.)

The Magistrate Judge recommended that Mr. Glaze's excessive force claim against Defendant Raypole should continue. She concluded that although Mr. Glaze did not expressly raise a First Amendment retaliation claim against defendant Raypole, even if he did, the search did not rise the level of an adverse action. (R&R, PageID 877.) Mr. Glaze admits he did not expressly list a First Amendment retaliation claim against Defendant Raypole, but he objects to the Order and Report and Recommendation on the basis that Defendant Raypole's physical assault on him was based on him filing grievances and that he adequately states a retaliation claim. (ECF No. 84, PageID 898.)

The facts alleged in the Operative Complaint are sufficient to put Defendant Raypole on notice that he is being sued for retaliation in violation of the First Amendment, and the facts alleged are sufficient to state such a claim. Mr. Glaze alleges Defendant Raypole beat him after he threatened to file grievances against Defendant Raypole and others. Filing grievances is protected conduct. The physical assault on Mr. Glaze is an adverse action. And the causal connection is plausibly inferred from the facts pled.

Mr. Glaze's Objection regarding Defendant Raypole is **SUSTAINED**, and his First

16

Amendment retaliation claim against Defendant Raypole can continue.

## V. Objection Regarding Defendants Cash and Starvers

Last, Mr. Glaze objects to the recommended dismissal of his First Amendment retaliation claims against Defendant Cash and Starvers. In the Operative Complaint, Mr. Glaze alleges Defendants Cash and Starvers assaulted him on February 23, 2021, in retaliation for a grievance he filed against their supervisor, Defendant Linsey, ten days earlier. (ECF No. 56, PageID 672–73.) Defendant Cash harassed Mr. Glaze about his Islamic head wear, pulled him in an area off camera, and "rammed [his] face into a concrete pillar twice in an attempt to break [his] prescription eyeglasses." (*Id.*) Defendant Starvers "grabbed my other arm and started to twist my arm behind my back" and "started to bend my fingers back on my right hand trying to break them." (*Id.* PageID 673.) Defendant Starvers stated he was going to break Mr. Glaze's hand to "make sure [he] wasn't able to write any lawsuits," and stated he would give Mr. Glaze "a reason to sue him cause he was going to break" his hand. (*Id.*)

The allegations against Defendants Cash and Starvers are sufficient to state a claim for First Amendment retaliation for many of the same reasons stated above. Mr. Glaze engaged in the protected conduct of filing a grievance against Defendant Linsey regarding the mishandling of contraband. Defendants Cash and Starvers assaulted him shortly after that grievance, a clear adverse action. And the assault is sufficiently causally linked to the grievance to survive a motion to dismiss. Mr. Glaze alleged Defendant Starvers expressly stated he would break his hand to prevent him from filing "lawsuits" as Defendants Cash and Starvers assaulted him. (*Id.*) Generously construing the facts as alleged and accepting them as true, as this Court must at this stage, the Court can make a plausible inference of causal connection.

Mr. Glaze's Objection regarding his First Amendment retaliation claims against

Defendants Cash and Starvers is **SUSTAINED**, and those claims can continue.

### VI. Summary of Disposition

The Court **SUSTAINS** Mr. Glaze's Objection as to the recommended dismissal of his First Amendment retaliation claims against Defendants Linsey, Gibson, Raypole, Cash, and Starvers. Those claims can continue. The Court **OVERRULES** Mr. Glaze's Objection as to the recommended dismissal of his claims against Defendants Canters, Doughty, and Walters.

Mr. Glaze expressly declined to otherwise object to the Order and Report and Recommendation after being warned of the consequences of not objecting. (R&R, PageID 893–94.) Accordingly, he has waived a de novo determination by the district court of any other issues addressed in the report and recommendation. *Thomas v. Arn*, 728 F.2d 813 (6th Cir. 1984), *aff'd*, 474 U.S. 140 (1985); *see also United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981).

The Order and Report and Recommendation is **MODIFIED** to reflect the Objections sustained as described above and is otherwise **ADOPTED** and **AFFIRMED**. Mr. Glaze's following claims can continue:

- First Amendment retaliation claims against Defendants Diehl, Morgan, and Mr. Wellinghoff relating to their revocation of Mr. Glaze's phone and JPAY privileges;

- First Amendment retaliation claims against Defendants Cash, Gibson, Linsey, Raypole, Shoemaker, Spitnagel, and Starvers for adverse actions taken because Mr. Glaze filed or attempted to filed grievances or engaged in other protected conduct; and

- Eighth Amendment excessive force claims against Defendants Angelo, Bailey, Brown, Cash, Charlton, John Doe #4, Ewry, Knight, Pinson, Raypole, Sexton, Sheppard, Spitnagel, Starvers, and Tedesko.

All of Mr. Glaze's other federal claims are **DISMISSED with prejudice**.

Regarding Mr. Glaze's state law claims, the Magistrate Judge recommended that the Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367 over the claims against

Defendants Linsey, Doughty, Koveleski, and Ragland and should dismiss them without prejudice, because she also recommended that the Court dismiss all Mr. Glaze's federal law claims against those Defendants. (R&R, PageID 891.) Because federal law claims will now continue against Defendants Linsey and Doughty, the reasoning of that recommendation no longer applies to those two Defendants.

The Magistrate Judge otherwise recommended that the Court dismiss with prejudice all of Mr. Glaze's other state law claims against all other Defendants for failure to state a claim upon which relief may be granted. (*Id.* PageID 892.) The Court finds that the reasoning behind that recommendation applies equally to the state law claims against Defendants Doughty and Linsey. Mr. Glaze did not object to any of the Magistrate Judge's recommendations regarding his state law claims. (*See* ECF No. 84.)

The Order and Report and Recommendation is thus **MODIFIED** to reflect that the state law claims against Defendants Linsey and Doughty are **DISMISSED with prejudice**, as restated below. The Order and Report and Recommendation is otherwise **ADOPTED** and **AFFIRMED**.

The Court declines to exercise supplementation jurisdiction over the state claims against Defendants Koveleski and Ragland, and those claims are **DISMISSED without prejudice**. Mr. Glaze's state law claims against all other Defendants are **DISMISSED with prejudice**.

In sum, individual capacity federal claims remain against Defendants Morgan, Linsey, Pinson, Bailey, Charlton, Sexton (corrected from "Braxton"), Shoemaker, Ewry, Tedesko, Knight, Angelo, Brown, Sheppard, Spitnagel, Mr. Wellinghoff, Cash, Starvers, Gibson, John Doe #4, Diehl (corrected from "Deihl") and Raypole. No claims remain against Defendants Doughty, Lyons, Ragland, Koveleski, Mrs. Wellinghoff, John Doe #3 (now identified as Defendant Canters and previously identified as Defendant Cline), Walters, and Smith.

## CONCLUSION

The Court **SUSTAINS in part** and **OVERRULES in part** Plaintiff Cedric A. Glaze's Objection. (ECF No. 84.) The Court **MODIFIES** the Magistrate Judge's Order and Report and Recommendation (ECF No. 83) regarding the First Amendment retaliation claims against Defendants Linsey, Gibson, Raypole, Cash, and Starvers as described in this Opinion and Order. Those claims can continue. The Court also **MODIFIES** the Order and Report and Recommendation as to the state law claims against Defendants Linsey and Doughty. The state law claims against them are **DISMISSED with prejudice**. The Order and Report and Recommendation (ECF No. 83) is otherwise **ADOPTED and AFFIRMED** without additional modifications.

The Court **GRANTS in part** and **DENIES in part** Defendants' Motion to Dismiss for Failure to State a Claim. (ECF No. 57.) The Court **DENIES as moot** Plaintiff's Motion for Preliminary Injunction or Declaratory Judgment Relief (ECF No. 61), Plaintiff's Motion for Leave to Compile More Than 25 Interrogatories (ECF No. 70), Plaintiff's Motion to Compel Defendants to Respond to Admissions Interrogatory and Production (ECF No. 71), and Plaintiff's Motion for Settlement Conference/Arbitration (ECF No. 79).

The Clerk is **DIRECTED** to change the name of Defendant Braxton to Sexton, to change the name of Defendant Deihl to Diehl, and to change the name of Defendant John Doe #3 to Canters. The Clerk is also **DIRECTED** to terminate from the case Defendants Doughty, Lyons, Ragland, Koveleski, Mrs. Wellinghoff, Canters, Walters, and Smith.

**IT IS SO ORDERED.**

**9/23/2025**                                                      **s/Edmund A. Sargus, Jr.**
**DATE**                                                                  EDMUND A. SARGUS, JR.
                                                                           UNITED STATES DISTRICT JUDGE