IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CEDRIC A. GLAZE, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:22-cv-2855 |
| | : | Judge Edmund A. Sargus, Jr. |
| | : | Magistrate Judge S. Courter M. Shimeall |
| DONALD MORGAN, *et al.*, | : | |
| Defendants. | : | |
| | : | |

**OPINION & ORDER**

This matter is before the Court on Plaintiff's "Motion to Correct Misnamed Defendant and Add Identified Defendants in Operative Complaint," wherein Plaintiff requests to amend his Complaint to identify John Doe defendants and correct the name of other Defendants. (ECF No. 117-2.) Also pending before the Court is Plaintiff's Motion to Compel (ECF No. 109) and Defendants' Motion to Quash (ECF No. 119).

**I.      MOTION TO AMEND (ECF No. 117-2)**

The Court construes Plaintiff's "Motion to Correct Misnamed Defendant and Add Identified Defendants in Operative Complaint" (ECF No. 117-2) as a motion for leave to amend. Plaintiff seeks to amend the operative complaint to make the following corrections:

- Correct Defendant "Sexton" to "Jordan Brabson;"

- Correct Defendant "L. Shoemaker" to "Sadie L. Shoemaker;"

- Identify "John Doe #4" as "Joshua Watkins;" and

- Correct Defendant "Starvers" to "Lucas Sarver."

(ECF No. 117-2.)

To date, Defendants have filed no opposition to Plaintiff's Motion to Amend and the time to do so has now expired.  Accordingly, the Court considers the Motion to be unopposed.[1]

Generally, motions to amend pleadings are governed by Rule 15(a) of the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 15(a).  However, since Plaintiffs moved to amend after the Court's deadline to amend, the Motion "first must be analyzed under Rule 16(b) before determining whether [it] satisfies Rule 15(a)."  *Cooke v. AT&T Corp.*, No. 2:05-CV-374, 2007 WL 188568, at *1 (S.D. Ohio Jan. 22, 2007); *see also Carrizo (Utica) LLC v. City of Girard, Ohio*, 661 F. App'x 364, 367 (6th Cir. 2016).  Under Rule 16, the Court will modify a case scheduling order "only for good cause."  Fed. R. Civ. P. 16(b)(4); *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005).

Courts primarily measure good cause by "the moving party's diligence in attempting to meet the case management order's requirements."  *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (citation and quotations omitted); *accord Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) ("[A] court choosing to modify the schedule upon a showing of good cause, may do so only if it cannot reasonably be met despite the diligence of the party seeking the extension." (citation and quotations omitted)).  Another consideration "[i]n determining whether the 'good cause' standard is met . . . [is] whether the amendment will prejudice the party opposing it."  *Korn v. Paul Revere Life Ins. Co.*, 382 F. App'x 443, 449 (6th Cir. 2010); *see also Inge*, 281 F.3d at 625.  But even if the opposing party would not be prejudiced, a plaintiff must still provide good cause for failing to move to amend by the Court's deadline.  *Korn*, 382 F. App'x at 450; *Wagner v.*

---

[1] The Court notes that, in their Motion to Quash, Defendants comment that "despite the Court's scheduling order requiring that motions or stipulations addressing the parties or pleadings must be filed on or before December 8, 2025, ECF No. 93, not until May 11, 2026, did Plaintiff move to include additional named, yet unserved, defendants to this case."  (ECF No. 119, PAGEID #: 1186.)  Despite this comment, Defendants failed to file any opposition to Plaintiff's motion to amend.

*Mastiffs*, Nos. 2:08-cv-431, 2:09-cv-0172, 2011 WL 124226, at *4 (S.D. Ohio Jan. 14, 2011) ("[T]he absence of prejudice to the opposing party is not equivalent to a showing of good cause.").

If good cause is shown under Rule 16, the Court then considers whether amendment is appropriate under Federal Rule of Civil Procedure 15.  Under Rule 15(a)(2), the Court should freely give leave for a party to amend its pleading "when justice so requires."  *See* Fed. R. Civ. P. 15(a)(2).  "The thrust of Rule 15 is to reinforce the principle that cases should be tried on their merits rather than the technicalities of pleadings."  *Teft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982) (citations omitted); *Oleson v. United States*, 27 F. App'x 566, 569 (6th Cir. 2001) (noting that courts interpret the language in Rule 15(a) as conveying "a liberal policy of permitting amendments to ensure the determination of claims on their merits" (internal quotations omitted)).

Plaintiff has demonstrated good cause under Rule 16(b).  Plaintiff represents that the correct identities of the Defendants he seeks to name in an amended complaint only became known to him through Defendants' April 9, 2026 responses to his discovery requests.  (ECF No. 117-2.) Moreover, because Defendants do not oppose the Motion, there is no contention that Plaintiff did not act diligently in attempting to meet the deadline to amend or that the proposed amendments will otherwise prejudice Defendants.

Accordingly, for good cause shown and in light of the federal policy in favor of liberal amendment, Plaintiff's unopposed Motion (ECF No. 117-2) is **GRANTED** for the limited purpose of allowing Plaintiff to correct the names of certain Defendants as set forth above.  Because Plaintiff only seeks to correct the names of certain Defendants and not include additional facts, allegations, or causes of action in the amended complaint and, in light of the age of this case, the Court **DIRECTS** the Clerk to file Plaintiff's operative Amended Complaint, ECF No. 56, together with Plaintiff's Motion to Correct Misnamed Defendant and Add Identified Defendants in

3

Operative Complaint, ECF No. 117-2, which shall hereafter constitute Plaintiff's operative Second Amended Complaint.  The Clerk is further **DIRECTED** to update the docket to correct Defendant "Sexton" to "Jordan Brabson," correct Defendant "L. Shoemaker" to "Sadie L. Shoemaker," correct Defendant "Starvers" to "Lucas Sarver," and identify "John Doe #4" as "Joshua Watkins."

The Court notes that Plaintiff has submitted service documents for current named Defendants Joey Knight and Brian Wellinghoff as well as for the Defendants he seeks to properly identify via the amended complaint, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson.  Accordingly, upon the Clerk's filing of the Second Amended Complaint, the Clerk is **DIRECTED** to issue the summonses as to Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson; and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson the issued summonses, a copy of the operative Second Amended Complaint, and a copy of this Order. Plaintiff shall have **THIRTY DAYS FROM THE DATE OF THIS ORDER** to effectuate service over Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson.

## II.    MOTION TO COMPEL (ECF No. 109)

On April 2, 2026, Plaintiff moved to compel Defendants to comply with his outstanding discovery requests. (ECF No. 109.)  Defendants opposed the Motion, arguing that Defendants had served their responses on Plaintiff.  (ECF No. 111.)  As discussed above, Plaintiff's Motion to Amend reflects that he received Defendants' responses to his discovery requests.  (ECF No. 117-2, PAGEID #: 1155.)  Accordingly, Plaintiff's Motion to Compel (ECF No. 109) is **DENIED as moot**.

### III.    MOTION TO QUASH (ECF No. 119)

Defendants, represented by counsel from Interested Party the State of Ohio, filed a Motion to Quash (ECF No. 119) a 16-page discovery request they received from Plaintiff on May 21, 2026, because the request came after the April 8, 2026 discovery deadline and it was directed to the following five unserved Defendants: Defendants Sexton, Lt. Shoemaker, Knight, Brian Wellinghoff, and Starvers.  Plaintiff objects to Defendants' Motion, arguing that Defendants delayed discovery by delaying their responses to Plaintiff's initial discovery requests.  (ECF No. 121.)  Plaintiff requests a 30-day extension of the discovery deadline.  (*Id.*)  Accordingly, the Court construes Plaintiff's Objection (ECF No. 121) as a Motion to Extend the case deadlines.

As the Court noted above, Defendants did not respond to Plaintiff's initial discovery requests until April 9, 2026.  Defendants responded to those requests only after Plaintiff moved to compel, despite acknowledging that they had been aware of Plaintiff's initial requests since he filed them on the docket in January 2024.  (*See* ECF No. 111, PAGEID #: 1105.)

For good cause shown, and in light of the Court's decision granting Plaintiff leave to file an amended complaint with the corrected names of certain Defendants, the Court **GRANTS** Plaintiff's Motion to Extend (ECF No. 121) and **EXTENDS** the case deadlines as follows:

| Event | Deadline |
| --- | --- |
| **Discovery** | 8/7/2026 |
| **Dispositive Motions** | 9/4/2026 |

No further extensions of these case deadlines will be granted absent extraordinary circumstances.

Defendants' Motion to Quash (ECF No. 119) is **DENIED without prejudice as moot**.

## IV.    CONCLUSION

For the reasons stated above, Plaintiff's "Motion to Correct Misnamed Defendant and Add Identified Defendants in Operative Complaint" (ECF No. 117-2) is **GRANTED**.

The Court **DIRECTS** the Clerk to file Plaintiff's operative Amended Complaint, ECF No. 56, together with Plaintiff's Motion to Correct Misnamed Defendant and Add Identified Defendants in Operative Complaint, ECF No. 117-2, which shall hereafter constitute Plaintiff's operative Second Amended Complaint.  The Clerk is further **DIRECTED** to update the docket to correct Defendant "Sexton" to "Jordan Brabson," correct Defendant "L. Shoemaker" to "Sadie L. Shoemaker," correct Defendant "Starvers" to "Lucas Sarver," and identify "John Doe #4" as "Joshua Watkins."

Upon the Clerk's filing of the Second Amended Complaint, the Clerk is **DIRECTED** to issue the summonses as to Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson; and the United States Marshal is **DIRECTED** to serve by certified mail upon Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson the issued summonses, a copy of the operative Second Amended Complaint, and a copy of this Order.  Plaintiff shall have **THIRTY DAYS FROM THE DATE OF THIS ORDER** to effectuate service over Defendants Joey Knight, Brian Wellinghoff, Lucas Sarver, Sadie L. Shoemaker, Joshua Watkins, and Jordan Brabson.

Additionally, Plaintiff's Motion to Compel (ECF No. 109) is **DENIED without prejudice as moot**, Plaintiff's Motion to Extend (ECF No. 121) is **GRANTED**, and Defendants' Motion to Quash (ECF No. 119) is **DENIED without prejudice as moot**.

The case deadlines are modified as follows:

| Event | Deadline |
|---|---|
| **Discovery** | 8/7/2026 |
| **Dispositive Motions** | 9/4/2026 |

**IT IS SO ORDERED.**

/s/ S. Courter M. Shimeall
**S. COURTER M. SHIMEALL**
**UNITED STATES MAGISTRATE JUDGE**